E. W. TIMBERLAKE v. W. C. POWELL *et al.**

*Lessor and Lessee—Rights of assignee of judgment in claim and delivery—Conversion.*

Lessor recovered judgment against lessee in an action of claim and delivery to recover possession of crops and enforce his lien for rent. Pending the suit, the lessee delivered a portion of the crop to the defendants to pay for supplies furnished him. The judgment was assigned to the plaintiff who sues defendants for damages for the conversion. *Held:*

1. The plaintiff assignee acquired no title to any property not mentioned in the judgment, and he must accept the assessed money value of such as cannot be delivered under the judgment.

2. The assignment is not of all the rights of the lessor, but of the right vested in him by virtue of the judgment and to enforce the same against the lessee.

3. The assignee cannot maintain an action against defendants for an independent liability incurred by their alleged tortious act.

* Mr. Associate Justice DAVIS, having been of counsel below, did not sit at the hearing of this cause.

CIVIL ACTION to recover damages of defendants for an alleged conversion of certain personal property, tried at April Term, 1887, of FRANKLIN Superior Court, before *J. H. Merrimon, J.*

The plaintiff appealed.

*Messrs. C. M. Cooke* and *F. S. Spruill,* for plaintiff.
*Mr. N. Y. Gulley,* for defendants.

SMITH, C. J.   In 1885 J. N. Perkinson leased from R. E. Gill a tract of land, to be cultivated during that year, for the sum of one hundred dollars, and to recover possession of the crops and enforce his lien the latter, in November, instituted his action against the former under the provisions of *The Code,* §§ 321 to 333.   The property was accordingly seized by the Sheriff, but returned to the debtor on his executing a written undertaking as prescribed in § 326.

At the January Term of the Superior Court next ensuing he recovered judgment, the substance of which is in these words: "It is adjudged that the plaintiff recover of the defendant and R. H. Timberlake, his surety, the property described in the affidavit for claim and delivery in this action, to-wit: about 2,000 pounds of seed cotton, 15 barrels corn, 300 pounds tobacco, and four stacks fodder, and in case a delivery of said property cannot be had, then and in that event it is adjudged that the plaintiff recover of the said defendant and of R. H. Timberlake, his surety, aforesaid, the sum of $96.20, with interest thereon from the 1st day of December, 1885, till paid, and the costs of this action.

On June 17, 1886, the plaintiff in that action made an assignment to the plaintiff in this, as follows:

For value received, I transfer and assign this judgment to E. W. Timberlake, without recourse.

R. E. GILL, *Adm'r and Agent.*

It was in evidence that three bales of cotton, the product of the farm, as well as cotton raised upon other land, went into the possession of the defendants to pay for supplies furnished by them to Perkinson; that during the pendency of the before mentioned suit, the cotton therein sued for was ginned and put in two bales, of which the defendants got possession, as well as the proceeds of said tobacco, and converted all to their own use.

The present action is to recover damages for the conversion and appropriation of the five bales of cotton delivered by Perkinson to the defendants. The right to the converted goods is derived solely under this assignment.

The Court being of opinion that it gave the plaintiff no title whatever to any property not mentioned in the judgment, and that as to the other property, if he could not get it under the assignment, he must accept the money value thereof as estimated therein.

Upon this intimation, the plaintiff suffered a nonsuit and appealed.

The appeal brings up solely the question of the correctness of this ruling, in deference to which the progress of the action was interrupted by the judgment of non-suit, and this we are now to consider.

The validity of the transfer as an equitable conveyance of the assignor's interest in the judgment is not disputed, and only the extent of its operation and effect.

The assignment is not of all the rights possessed by the lessor under his contract with Perkinson to pursue all the crops by whomsoever taken in the assertion of his lien-security until his demand is satisfied, but it is of the rights vested in the lessor *by virtue of the judgment and to enforce it* against Perkinson and the security to his undertaking in any manner in which it could have been done by the assignor, and to no greater extent. The present suit is not upon the judgment, but upon an alleged independent liability incur-

red by other tort-feasors, by their conversion of the same and other property to which the lien attached.  This cause of action is separate and distinct from that involved in the former adjudication, and is outside the scope of the assignment.

The assignee may take any steps open to the assignor in the enforcement of the judgment against the parties to it, and there his rights end.

We, therefore, concur in the opinion of the Judge in the Court below, and his judgment is affirmed.

Affirmed.