CHARLES DEWEY et al. v. B. F. SUGG et al.

*Judgment—Lien—Docketing—Index and Cross-Index.*

1. To constitute a lien, a judgment must be "docketed" in the manner prescribed by *The Code*, §§ 83, 433, 434, and one of the indispensible requirements is that the record shall contain an index and cross-index of the names of the parties to the judgment.

2. Where a judgment against several persons was entered on the judgment docket, but the caption and index and cross-index contained the name of only one of the defendants: *Held*, that no lien was created against the property of the defendants whose names were so omitted.

This was a PETITION, heard before *Whitaker, J.*, at March Term, 1891, of the Superior Court of PITT County.

The Sheriff of said county, having in his hands moneys made by levy on and sale of lands of one William Whitehead under divers executions, one of which had issued on a certain judgment, hereinafter referred to, rendered against said Whitehead as well as against one B. F. Sugg, and being advised that the said judgment had not been duly docketed in Pitt County as to the said Whitehead, before the 13th day of December, prayed the Court in said petition for its order and instructions as to the same, and its direction as to the proper application and payment of said moneys, etc.

On the filing of said petition there was, during the term, a rule against plaintiffs in that judgment to show cause, etc.

It appears—

1. That previous to June Term, 1887, of Pitt Superior Court, the plaintiffs brought their action in said Court against B. F. Sugg for the recovery of certain personal property.

2. That B. F. Sugg gave bond for the return of the property seized by the Sheriff, and I. A. Sugg and William Whitehead became his sureties upon said bond.

3. That at June Term, 1887, the plaintiffs recovered a judgment against B. F. Sugg for the delivery of the property seized, and in case a return thereof could not be had, then for five hundred and ten dollars the value thereof, both as against the said B. F. Sugg and his sureties I. A. Sugg and William Whitehead.

4. That this judgment was entitled, "Charles Dewey, George W. Dewey and E. B. Dewey, trading as Dewey Brothers, against B. F. Sugg," and there was no reference in

the caption to the said I. A. Sugg or the said William White-head, and nothing in said caption to indicate that either of them were parties to the said judgment.

5. That this judgment was shortly thereafter, and within ten days after the said June Term, copied upon the Judgment Docket, in Book No. 9, exactly as it was originally written, and with no reference to the said I. A. Sugg or William Whitehead in the caption thereof, and with no minute of either of their names on the margin of the docket.

6. That the following is a copy of the judgment as it appears on the Judgment Docket No. 9, and as it was rendered, namely:

CHARLES DEWEY, GEORGE W. DEWEY AND E B. DEWEY, TRADING AS DEWEY BROTH-ERS,
  *v.*
B. F. SUGG.
}
Pitt County Superior Court June Term, 1887. Before J. H. MERRIMON, Judge.

Judgment was rendered in favor of the plaintiff, and against the defendant, for the possession of the property described in the complaint, and if a return of the property cannot be had, that he recover of the defendants B. F. Sugg and William Whitehead and I. A. Sugg, the sureties on defendant's replevin bond, the sum of five hundred and ten dollars, with interest on same from 1st day of December, 1886, and the costs of this action.

7. That the docket upon which it is recorded, as set forth above, contains an index, but no cross-index, and upon said index there appears this entry, made at or about the time when said judgment was copied upon said docket, as follows:

"Dewey Bros.—B. F. Sugg."

But there nowhere appears in said index the entry of said judgment as against the said I. A. Sugg and the said William Whitehead, nor was it ever indexed as to them.

8. That an index and a cross-index of judgments is kept in a separate book by the Clerk of the Superior Court of Pitt County, and have been kept by him for more than five years, the names of the plaintiffs, followed by the names of the defendants, being written on the left-hand page, and the names of the defendants, followed by the names of the plaintiffs, being written on the opposite or right-hand page, under the appropriate letter of the alphabet.

9. That this judgment was at or about the time of its being written on the docket, indexed on the said index under the letter D, and on the left-hand page, and it is as follows:

"Dewey Bros.—Sugg, B. F. & I. A."

And the name of Whitehead did not appear as one of the defendants in said index.

10. That at the same time it was indexed on the cross-index under the letter S, and on the right-hand page as follows:

"Sugg, B. F.—Dewey Bros."

And the name of Whitehead did not appear in said index as one of the defendants in said judgment.

11. That the said judgment was not at that time cross-indexed, either under the letter W, or elsewhere, as to Whitehead.

12. That on the 15th day of December, 1890, the Clerk of the Superior Court, under the letter D, after the word " B. F. Sugg " added the words " I. A. Sugg and William Whitehead," and on the cross-index, on the right-hand page, under the letter W, the said Clerk, on the 15th day of December, 1890, made this entry:

"Whitehead, William *et al.*—Dewey Bros."

13. That up to, and until the said 15th day of December, 1890, it did not appear either from the index to Docket No. 9, upon which the original judgment was recorded, or from the index or cross-index kept by the Clerk of the Superior Court of Pitt County of all judgments filed in his office, that Charles Dewey, George W. Dewey and E. B. Dewey, trading as Dewey Brothers, had recovered any judgment against the said Whitehead for any amount, or that Dewey Brothers had recovered a judgment for any amount against said Whitehead.

Upon this state of facts, the Court held that the plaintiffs' judgment mentioned was not sufficiently docketed until the 15th of December, 1890; that it created and constituted no lien upon the lands of the said Whitehead, in the county of Pitt, prior to that time, and that the plaintiffs were not entitled to share in a fund, the proceeds of his land sold by the Sheriff, under proper process, to satisfy divers judgments against him, duly docketed before that time, and gave judgment accordingly.   The plaintiffs excepted, and appealed.

*Mr. C. M. Bernard,* for plaintiff.

*Mr. Theo. F. Davidson (Messrs. Jarvis & Blow* filed a brief), for defendant.

MERRIMON, C. J.—after stating the case, proceeded: The records of the Courts are very important and essential in the administration of public justice.   Appropriate statutes and general principles of law, to some extent, require the Courts to make them, prescribe their purpose, where and by whom they shall be kept, and when and where they may be seen by every person interested to see them.   While they are of great general utility, they import verity and constitute the highest evidence of the rights and liabilities of all persons whom they directly concern and affect, and serve to give notice and information for the use and benefit of the pub-

lic in many ways, and for a variety of valuable purposes. It is, hence, essential that they should be made and kept substantially in all material respects as the law prescribes and requires. Otherwise they might fail of their purpose, and some person in some way interested must suffer detriment more or less serious.

The statute (*The Code*, § 83) requires the Clerks of the several Superior Courts of this State to keep certain books specified, in which entries of the records of that Court shall be made and preserved, and among them is "a Judgment Docket, in which the substance of the judgment shall be recorded, and every proceeding subsequent thereto noted."

This distinct Judgment Docket—its nature and purpose— is prescribed, and it is required to be kept for the purposes of the Court. The law prescribes what shall be recorded on it, and everybody has notice that he may find there whatever ought to be there recorded, if indeed it exists. He is not required to look elsewhere for such matters. But he is required and bound to take notice in proper connections of what is there. The law charges him with such notice.

The statute (*The Code*, § 433) further prescribes and requires that "every judgment of the Superior Court, affecting the right of real property, and any judgment requiring in whole or in part the payment of money, shall be entered by the Clerk of said Superior Court on the Judgment Docket of said Court. The entry shall contain the name of the parties, and the relief granted, date of judgment and date of docketing; and the Clerk shall keep a cross-index of the whole, with the dates and numbers thereof. All judgments rendered in any county by the Superior Court thereof, during a term of the Court, and docketed during the same term, or within ten days thereafter, shall be held and deemed to have been rendered and docketed on the first day of said term." The section requires the classes of judgments specified to be docketed on the Judgment Docket, and directs how

they shall be entered. It is not simply required that they shall be docketed, but it is further, and of purpose required, that they shall be docketed substantially in the way and manner prescribed. They are to be so entered and in this way, "the entry shall contain the names of the parties, and the relief granted, date of judgment and date of docketing; and the Clerk shall keep a cross-index of the whole, with the dates and numbers thereof." The particularity thus required as to details is not merely directory and meaningless—it is intended to serve a substantial purpose—that of giving information and notice as to the particulars specified, to the public—everybody interested to have such information. It would be orderly and much better that such particulars should be set forth in the order directed by the statute, still, if they appear in their substance but disorderly, from the entry, this will be sufficient. The requirement that a cross-index shall be kept is not merely directory—it is important and necessary. It is intended to enable any person to learn that there is a docketed judgment in favor of a certain party or parties, and against certain other parties, and where to find it on the docket. The inquirer is not required to look through the whole docket to learn if there be a judgment against a particular person—he must be able to learn from such index that there is a judgment against him, and where he can find it on the docket, its nature, purpose, etc. When there are several judgment debtors in a docketed judgment, the index should and must specify the name of each one, because the index as to one would not point to all or any one of the others. The purpose is, that the index shall point to a judgment against the particular person inquired about if there be a judgment on the docket against him. A judgment not thus fully docketed does not serve the purpose of the statute, and is not docketed in contemplation of law.

The statute (*The Code*, § 434) further prescribes and requires a judgment-roll to be made up and filed as prescribed. It further prescribes (§ 435) that "upon filing a judgment-roll upon a judgment affecting the title of real property, or directing in whole or in part the payment of money, it shall be docketed on the Judgment Docket of the Superior Court of the county where the judgment-roll was filed, and may be docketed on the Judgment Docket of the Superior Court of any other county upon filing with the Clerk thereof a transcript of the original docket, *and shall be a lien on the real property in the county where the same is docketed,* of every person against whom any such judgment shall be rendered, and which he may have at the time of the docketing thereof in the county in which such real property is situated, or which he shall acquire at any time thereafter, for ten years from the date of the rendition of the judgment."

A docketed judgment, hence, creates and secures a lien upon the judgment-debtor's land. But a judgment, in order to create such lien, must be docketed in the way and manner above pointed out; otherwise, as we have seen, the judgment is not docketed, and no such or any lien arises. *Holman* v. *Miller,* 103 N. C., 118; 1 Black on Judgments, §§ 404, 406; *Cumming* v. *Long,* 16 Iowa, 41; *Thomas* v. *Desney,* 57 Ind., 58; *Nye* v. *Moody,* 70 Texas, 434; Ridgeway's Appeal, 15 Pa. St., 117; Hamilton's Appeal, 103 Pa. St., 368; *Metz* v. *Bank,* 7 Neb., 165.

The important statutory provisions above recited and referred to prescribe and establish a *method* of creating judgment liens upon real property, and they must receive such reasonable interpretation as will give strength, certainty and uniformity to that method and effectuate its purposes. This can only be done by a strict observance of at least the substance of the requirements prescribed. Otherwise uncertainty, confusion and injustice must prevail to a greater or less extent in its administration.

In the present case we think the plaintiffs' judgment was not sufficiently docketed to create a lien upon the real property of defendant judgment-debtor, William Whitehead. The judgment entered on the Judgment Docket is informal and disorderly, but granting that it is a judgment and the entry contains sufficiently the name of the parties to it, the relief granted, the date of it, and the time of its docketing, still the index makes no mention whatever of this or any judgment against Whitehead. Any person looking on the index with a view to learn if there were a docketed judgment against him, would have found nothing whatever leading him to examine or believe there was any such judgment. Thus such person would have been misled, such a person may have been misled, numerous persons may have been misled. The law intends to prevent this, and that no such lien shall be created or exist to prejudice any person who cannot have the benefit of the means so provided to prevent prejudice thus arising. The judgment must be properly indexed as to each and all of the parties in order to create the lien. The statute expressly makes it the duty of the Clerk to make such entries, and he fails to do so at his peril.

As the plaintiffs' judgment was not effectually docketed as to the defendant Whitehead, they could not share in the fund, the proceeds of the sale of his lands, under valid process issuing upon duly docketed judgments to the prejudice of the latter.

Affirmed.