CLAUDIA REDMOND v. H. L. STATON.

*Action of Damages against Clerk for Failure to Index Judgment—Chose in Action—Assignment of Judgment—Right of Assignee of Judgment to Damages for Clerk's Default.*

1. The right of action which the plaintiff in a judgment has against a Clerk of the Superior Court for not properly indexing the judgment is assignable.

2. The simple assignment of a judgment does not carry with it the right of action which the plaintiff has against a Clerk of the Superior Court for failure to properly index it; therefore,

3. Where R bought from F a judgment which the Clerk of the Superior Court had failed to properly index, and, by reason of such negligence, lost a lien upon land, and it did not appear that in taking an assignment of the judgment R contracted with F for anything but the judgment: *Held*, that R acquired only the right to enforce the judgment and to enjoy its fruits, and not the right, which F had, to sue the Clerk for his failure to properly index it.

CIVIL ACTION, tried before *Armfield, J.*, at Fall Term of EDGECOMBE Superior Court. There was judgment for the defendant and plaintiff appealed. The facts appear in the opinion of Associate Justice FURCHES.

*Mr. John L. Bridgers*, for plaintiff (appellant).
*Mr. H. G. Connor*, for defendant.

FURCHES, J.: At April Term, 1886, of EDGECOMBE Superior Court, O. H. Farrar recovered a judgement against B. Bryan and Joshua Killebrew, which was duly placed on the Judgment Docket of said court but was not indexed and cross-indexed as required by law, to constitute it a lien on the land of the defendant Killebrew in Edgecombe County.

Farrar, soon thereafter, sold and assigned said judgment to the plaintiff who did not know of the defective condition of the index. Killebrew, at the date of this judgment and at the date of the assignment to plaintiff, was the owner of sufficient real estate in Edgecombe County to have satisfied said · judgment, and upon which said judgment would have been a lien, if it had been properly indexed; but being indebted to other parties, on the _____ day of February, 1889, and after the rendition of the judgment assigned to plaintiff, he executed a deed in trust to Jacob Battle to secure other indebtedness, in which he conveyed all his lands. Said Battle as trustee has since sold said land, and the purchaser thereof in an action to remove the cloud produced by plaintiff's judgment, in which she was a party, has recovered said lands, the Court holding that owing to the defective indexing of plaintiff's judgment it created no lien, and plaintiff has thereby lost her debt. *Dewey* v. *Sugg*, 109 N. C., 328.

At April Term, 1886, of Edgecombe Superior Court, and for some time thereafter, the defendant, H. L. Staton, was the Clerk of said Court, and plaintiff has brought this action against him (not on his official bond) to recover damages for the loss of her money caused by his negligence in not properly indexing said judgment.

The assignment is not set out in the record, but it is admitted by plaintiff that, in form, it only assigns the judgment to plaintiff.

Defendant, without controverting these facts, denies plaintiff's right to recover, as he says, for two reasons: First, that plaintiff has shown no cause of action against *him*, and, secondly, that if she has, it is barred by the lapse of time and the statute of limitations—plaintiff's action not having been commenced until 1883 (the precise date not shown, as the summons does not appear in the record).

It was admitted on the argument by the learned counsel, representing plaintiff and defendant, that this is a case of first impression in our courts and that they have been unable to find any decided case like this in the other courts. This being the case, the Court has given it careful investigation, and as much reflection as we were able to bring to bear upon the questions presented; and after doing so we are of the opinion that Farrar had a *chose* in action against the defendant (*Holman* v. *Miller*, 103 N. C., 118; *Kivett* v. *Young*, 106 N. C., 567), and that under our statutes this *chose* might have been assigned. But that it was not assigned seems to be true, unless the assignment of the judgment carried with it this right or *chose* which Farrar had against the defendant. The fact that it was assignable under *The Code*, does not help the plaintiff if it was *not* assigned. *The Code* did not create causes of action, but only enlarged the power of assignment. Plaintiff's rights, then, stand as they did before *The Code*. And this brings us to a consideration of plaintiff's rights at common law and in equity. At common law, *choses* in action were not assignable, and did not pass from the bargainor to the bargainee, unless they were such contracts, covenants, as attached to the estate and ran with the estate, such as warranty and quiet enjoyment in conveyances of land. So the plaintiff is not benefitted by this principle, as there is neither covenant, contract or land. And it is not always in a sale of land that these *choses* pass. For instance, A sells to B the lands of C, stating in the deed that C has the title, but A executes a deed to B with full covenants of warranty and quiet enjoyment, and B is afterwards turned out by C. B has a cause of action against A. But B sells to D with full covenants, and C turns D out of possession, and B has become insolvent. D has no right of action against A at law, for the reason that there was no estate

passed from A to B, and as no estate passed to B, no cove-
nants passed, as they were not assignable, and only ran
with the estate.   *Nesbit* v. *Nesbit*, Conf. Reports, 318, 403.

But in this case D might bring his suit in equity against
A and recover—equity holding that B had the right to sue
and that he had conveyed to D with full covenants.   There-
fore equity would treat B as a trustee of D and in that way
give D relief against A.   *Nesbit* v. *Brown*, 1 Dev. Eq., 30.

A buys a non-negotiable note, which gives him the equi-
table but not the legal title to the note.   The note is not
paid, and A brings suit in the name of the assignor who is
the legal owner, obtains judgment, puts execution in the
hands of the Sheriff for collection, telling the Sheriff that
the money will be his when collected, as he had bought the
note before suit, which he had to bring in the name of the
payee, as he had not endorsed the note.   The Sheriff col-
lects the money and pays it to the legal owner in whose
name the suit was brought.   A brings his action for the
money against the Sheriff and the court sustains his action
upon the ground that when the money was collected, it was
his.   *Hoke* v. *Carter*, 12 Ired., 324.

We are now in a Court of Equity as well as a Court of
Law, and we admit that at the first view of these cases they
seemed to support plaintiff's contention.   But upon exam-
ination we think they are distinguishable from the case now
before the Court.

In *Hoke* v. *Carter*, *supra*, the money collected by the
Sheriff was the fruit of the judgment, which in equity
belonged to Hoke.

In *Nesbit* v. *Brown*, *supra*, there was the covenant—the
contract—the *chose* in action, and though it did not pass
from A to B with the estate, the reason that no estate in
the land passed, and it was not assignable at law, yet there
was a contract, and equity enforced it.

And the trouble with plaintiff's case is that she failed to show she contracted with Farrar for anything but the judgment, and therefore she got nothing but the judgment, with the rights that Farrar had to enforce it and have the benefits of *its* fruits.

The case of *Timberlake* v. *Powell*, 99 N. C., 233, though not a case directly in point, involves very much the same principles and the same considerations as this case, and tends strongly to sustain defendant's first contention and the view we have taken of the case.

We therefore hold that plaintiff has failed to show that *she* has a cause of action against the defendant, and the judgment appealed from must be affirmed.

This relieves us from the consideration of the interesting question of the statute of limitations, which has grown to be one of the most troublesome subjects our courts have to deal with.                              Affirmed.