JOSEPH L. HAHN v. ROBERT G. MOSELY.

*Code Section 433—Indexing Judgments—Administrator*
*—Payment of Taxes and Insurance.*

1. The purpose of *Code* Section 433, requiring index and cross-index of docketed judgments, being to facilitate the search for encumbrances created by such judgments, each of several judgment debtors must be specifically mentioned, but the name of only one of several plaintiffs need be mentioned.

2. Where a judgment, in which recoveries were awarded to divers plaintiffs and for different amounts, was indexed against the defendants, but only in the name of one of the several plaintiffs, such indexing is sufficient to fix an interested person with notice of all that the examination of the judgment itself would have disclosed.

3. Where in a suit against an administrator who has sold lands of his intestate for payment of debts, the holder of a docketed judgment against the decedent is adjudged to be entitled to the proceeds of the sale of the lands, the administrator is not entitled to retain the amount paid by him for taxes and insurance on the property, but is entitled to commissions on the amount necessary to pay the plaintiff's judgment.

Hahn *v.* Mosely.

Civil action, tried before *Graham, J.*, at Spring Term, 1896, of Craven Superior Court. The defendant administrator had sold certain land of his intestate for the payment of debts, and held the proceeds, out of which the plaintiff sought by this action to have paid his judgment rendered and docketed against the decedent in his lifetime. The administrator claimed the proceeds should be applied to the payment of mortgages which he held and to the reimbursement of himself for taxes and insurance which he had paid.

In an action entitled " *Simmons & Manly* v. *Isaac Forbes et al.*," a judgment had been rendered for these plaintiffs and for various other parties (among them the present plaintiff) for different amounts, but the index of the judgment showed a judgment in favor of Simmons & Manly only.

It was admitted that the mortgage under which the defendant claimed the proceeds of sale had been duly executed by the decedent and that the administrator had paid certain taxes and insurance on the property; and further that all debts had been paid excepting the mortgage debt to defendant and the docketed judgment in favor of plaintiff.

His Honor gave judgment for the plaintiff for the amount of the proceeds of sale of the lands, and the defendant appealed, his exceptions being as follows:

" 1. Because said judgment rendered in said action of *Simmons & Manly* v. *Isaac Forbes* and wife and others, in favor of A. & M. Hahn and George Allen & Co., have never been indexed in the office of the superior court of said county on the Index Book of "Judgment Creditors," in the names of said A. & M. Hahn, or Geo. Allen & Co., or properly indexed in said Index Book in the name of any party.

" 2. Because said judgment rendered in favor of said A. & M. Hahn or George Allen & Co., in said action of *Simmons & Manly* v. *Isaac Forbes* and wife and others, has never been docketed in the Index Book of Judgment Debtors in the office of the clerk of the superior court of said Craven county in the names of said A. & M. Hahn, or George Allen & Co., or properly indexed on said Index Book in the name of any person.

" 3. Because plaintiff is not entitled to the said judgment rendered by Court, because as administrator of said Isaac Forbes, even if said judgment in favor of said A. & M. Hahn, or George Allen & Co., had been properly docketed and indexed, it would have been the duty of the defendant as such administrator to have sold said land and to have his commission as such administrator out of the proceeds of said sale and charges of administration, costs, and expenses of said sale.

" 4. Because the defendant is entitled to be reimbursed the amounts of money paid by him for taxes on said land and for insurance premiums."

*Messrs. Clark & Guion*, for plaintiff.

*Mr. M. D. W. Stevenson*, for defendant (appellant).

CLARK, J. : The object of the statute, *The Code*, Sec. 433, requiring an index and cross-index of judgments, is stated in *Dewey* v. *Sugg*, 109 N. C., 328, 334, to be that " the inquirer is not required to look through the whole docket to learn if there be a judgment against a particular person. When there are several judgment debtors in a docketed judgment the index should and must specify the name of each one, because the index as to one would not point to all or any one of the others." The docketing creates a lien, and the index and cross index are provided to facili-

HAHN v. MOSELY.

tate the search for such incumbrances, and hence the name of each defendant must be indexed, (*Redmond* v. *Staton*, 116 N. C., 140,) but as to the plaintiffs, it is sufficient that one name appear, since that indicates the case in which the incumbrance accrued by judgment against the specified defendant, and by turning to the judgment recorded or the judgment roll in such case the full nature and extent of the judgment will appear. It could serve no purpose to index the names of additional plaintiffs in the same judgment, when there is more than one. In the present instance the index and cross-index showed that a judgment had been docketed in favor of Simmons & Manly against Forbes and the other defendants named. Had the defendant in this action turned to that judgment as recorded, he would have found its scope and purport and amounts recovered therein and to whom payable. He is fixed with notice of all that an examination of such judgment itself would have disclosed. Though recoveries were adjudged divers parties and for different amounts, they were all embraced in the same judgment, and by vir ne of such judgment alone were liens on the property of the defendants therein named. The administrator is not entitled to be reimbursed the taxes and insurance, for these were volunteer payments on his part, but the decree should be reformed below to allow him commissions on so much of the proceeds of the sales of realty as is necessary to be paid on the plaintiff's judgment.

Modified and Affirmed.