## VALENTINE v. BRITTON.

(October 16, 1900.)

1. *Judgment—Index.*

"J. Mizell" or "Jo Mizell" is a sufficient cross-indexing for a judgment against "Josiah Mizell."

2 *Judgment—Cross-Index—Lien.*

One cross-index is insufficient for two judgments, though they appear on the same page and include the same parties, and only the first judgment on the page will constitute a lien.

3. *Administrators—Executors—Misapplication of Funds.*

An administrator is personally liable for misapplication of funds.

4. *Costs—Administrator.*

An administrator should be taxed with the costs of a suit subjecting him to liability for misapplication of funds.

5. *Notice—Advertisement.*

Plaintiff need not show that he presented his claim if administrator fails to aver or prove that he had given notice to creditors.

FAIRCLOTH, C. J., concurs in result only.

CIVIL ACTION by E. H. Valentine and W. E. White, administrators of D. A. Valentine, deceased, against D. W. Britton, administrator of Josiah Mizell, deceased, heard by Judge *H. R. Starbuck,* at February Term, 1900, of BERTIE Superior Court. It was agreed that a jury trial be waived and that the Judge render judgment upon inspection of the record introduced in evidence, to-wit, the judgment docket and the cross-index to judgments, pleadings, etc. From judgment for plaintiffs, the defendant appealed.

*Francis D. Winston, St. Leon Scull* and *B. B. Winborne,* for plaintiffs.

*Martin & Peebles,* for defendants.

CLARK, J.   Ruffin N. White, on the 25th day of May, 1886, obtained a judgment in BERTIE Superior Court against T. W. Brown, John Wilson, and Josiah Mizell, and on the same day, and in the same Court, he obtained another judgment against C. J. Morris and Josiah Mizell.   Both these judgments were docketed in the above order in Book B, p. 163, and indexed.   On the cross-index, however, the only entry containing Mizell's name is one entry, "J. Mizell et als., defendants.   R. M. White, plaintiff.   Judg. Docket Book B, p. 163."   Subsequently the plaintiffs, administrators of Valentine, obtained a judgment against Josiah Mizell and another, which was docketed in the Superior Court of BERTIE, July 9, 1892, and properly indexed and cross-indexed.   The answer admits as to the two White judgments that "the first one docketed was indexed and cross-indexed," and has been duly satisfied.   The defendant's contention, however, is that the one cross-index above set forth, "J. Mizell et als., defendants," etc., by referring to Book B, p. 163, is sufficient cross-indexing as to both judgments on that page, and that, if it is not, it would be as much a reference to the second judgment as to the first.   We concur with the defendant, as was also held by the Court below, that "J. Mizell," or "Jo. Mizell," was a sufficient cross-indexing for a judgment against "Josiah Mizell;" but we further concur with his Honor that where two judgments, taken by the same plaintiff, are docketed against the same defendant, and only one is cross-indexed against that defendant, it is in law a cross-indexing of the judgment first entered on the judgment docket. Anyone turning to the page on the docket referred to in the

cross-index (Book B, p. 163,) and finding the described judgment against Jo. Mizell canceled, could not be expected to look further on same page for another judgment against him. The second judgment not having been cross-indexed (for only one judgment, White against Mizell, was cross-indexed), it was not a lien upon the realty of Mizell. Code, sec. 118; *Hahn v. Mosely,* 119 N. C., 73; *Dewey v. Sugg,* 109 N. C., 328; *Holman v. Miller,* 103 N. C., 118. The defendant, administrator of Mizell, who sold the land to make assets, erred in applying any part of the proceeds to such judgment in preference to the judgment of the plaintiff, which was duly docketed, indexed, and cross-indexed, and which was therefore a valid lien upon the realty.

The administrator was properly taxed with the costs. It is a proceeding to subject him to liability for misapplication of the funds, and not to recover a debt out of the estate, against which the plaintiff already had a judgment, and hence section 1429 of The Code does not apply. Section 1459 applies to cases where the administrator unreasonably denies a claim filed under Code, sec. 1448. Hence, also, the exception as to the administrator's commissions needs not to be considered. Besides, the record shows that, after paying the plaintiff's judgment, there is a sufficiency in hand for that purpose.

The exception that it is not shown that the plaintiff ever presented his claim will not avail, as it is neither averred nor proved that the defendant had given the notice required by Code, sec. 1421. *Love v. Ingram,* 104 N. C., 600.

No error.

FAIRCLOTH, C. J., concurs in result only.