## STEPHENSON v. CONE et al.

One undertaking to furnish an abstract of title assumes the responsibility of discharging his duty in a skillful and careful manner.

Though it is not generally the duty of an abstractor to go outside the record for facts affecting the title to real estate, yet he must furnish, by means of the abstract, everything pertaining to the names and to the property in question, so far as appears from the record, that reasonably might affect the title.

An abstractor of title, failing to note on his abstract judgments against "Ed. J.," or even "E. J." Borstad, is liable to a purchaser from Edward J. Borstad for the resulting injury.

(Opinion filed, Jan. 12, 1910.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by A. H. Stephenson, administrator of the estate of Lewis O. Grinne, deceased, against James W. Cone and others. Judgment for plaintiff, and defendants appeal. Affirmed.

*Keith & Keith,* for appellants.

Persons cannot be charged with constructive notice of a judgment unless the same is correctly indexed. Dewey v. Sugg 13 S. E. 924; Sterling Mfg. Co. v. Earley, 28 N. W. 458; Thompson v. Desney, 10 N. W. 315. The omission of the middle initial of a name on a judgment indexed is fatal to a lien as against bona fide purchasers. Krause v. Murphy, 21 Atl. 358; Fisher v. Bust, 32 N. W. 924; Johnson v. Hess, 25 N. E. 445. An abstracter may limit his liability to the correctness of the abstract and fullness of search to certain records, either by a specific contract to that effect or by specifying in his certificate the records examined. Ballard, Law Real Property, 600; Thompson v. Carson, 65 N. W. 899.

*Robertson & Dougherty,* for respondent.

A record of a judgment against one whose Christion name is indicated only by initial letters is effectual to put upon inquiry a subsequent purchaser of lands the title to which appears of record in a person of the same family name as such judgment debtor, and whose chirstian name has the same initial letters. Pinney v. Russell, 54, 484; Black on Judgments, 406; Green v. Meyers, 98 Mo. App. 438; Warvelle on Abstracts, 488; 2 Freeman on Judgments, 630; Claflin v. Chicago, 54 N. E. 329. One who purchases real estate on the faith of a certificate of title furnished to his vendor by a bonded abstracter may maintain an action for damages grounded on the failure of the abstracter to make the proper search and true certificate. Security Abstract of Title Company v. Longacre, 56 Neb. 469; Runkert v. Title Guaranty Trust Company, 102 Mo. App. 267; Equitable Building & Loan Association v. Bank of Commerce & Trust Company, 12 L. R. A., N. S. 449.

McCOY, J. This suit was commenced in the circuit court by the plaintiff, Stephenson, as administrator of the estate of

Lewis O. Grinne, against the defendant Cone, and his bondsmen, as an abstracter. It appears from the record that in December, 1904, Edward J. Borstad and Lewis Grinne entered into a contract whereby Borstad agreed to sell certain town lots in Dell Rapids to Grinne for the purchase price of $1,500; the said Grinne agreeing to pay said amount therefor upon being furnished an abstract showing valid title to said lots free and clear of all incumbrances whatsoever at the time of such conveyance; that said Borstad delivered a warranty deed to said premises to one Smith, and said Grinne also delivered to said Smith the sum of $1,500 for the purpose of closing up said deal; that said Smith, upon procuring an abstract showing valid title in Borstad, free and clear of all incumbrances whatsoever, was authorized by said parties to deliver said deed to Grinne and to pay to Borstad the said $1,500; that immediately upon being intrusted with the closing of said transaction the said Smith sent the said abstract of said property to said defendant Cone for continuance, and later also sent the said warranty deed, given by Borstad to Grinne, to Cone to be recorded, requesting that the abstractor's certificate be continued up to the date of the recording of said deed. The abstract was continued by defendant Cone with a certificate showing that there were no judgments against Edward J. Borstad, and returned to Smith, who thereupon, relying upon said abstract, paid the said Borstad the said sum of $1,500. It appears that at the time the said abstract was continued there were two judgments against Ed. J. Borstad; that afterwards executions were issued on said judgments, and levy made thereunder on the said lots deeded by Edward J. Borstad to Grinne, and that said lots were sold under such executions to satisfy such judgments against Ed. J. Borstad, and that Grinne, to prevent a sheriff's deed from issuing on such sale of said lots, redeemed therefrom. This action was then instituted against the defendant Cone and his bondsmen to recover as damages the amount paid my Grinne to redeem from said execution sales, the plaintiff claiming that the defendant Cone, in making and certifying said abstract of title, negligently and carelessly omitted to note thereon, or to make any mention of, the said judgment

against the said Ed. J. Borstad; the plaintiff further claiming that Ed. J Borstad and Edward J. Borstad were one and the same person. The defendants answered, denying the allegations of the complaint not admitted, and also alleging that defendant Cone, in making and certifying said sabstract, had made diligent search to find any judgments of record against said Edward J. Borstad, and that no judgments were found of record against said Edward J. Borstad. Findings and judgment were made and entered in favor of plaintiff and against defendants for the amount said Grinne paid to redeem from said judgments. Defendants bring the cause to this court upon appeal making numerous assignments of error.

It is first contended by appellants that the court erred in admitting in evidence, over defendants' objections, the files and judgment roll in the action of Coleman Lumber Co. v. Ed. J. Borstad. In this contention we are of the opinion that appellants are in error. One who undertakes the examination of titles, for compensation, is liable for want of ordinary care and skill in the performance of that task. To furnish abstracts of title is a business—a sort of a profession. The party undertaking it assumes the responsibility of discharging his duty in a skillful and careful manner. That is just what he is paid for doing. Patience in the investigation of records is the main capacity required. There are no professional opinions required of the abstractor. It is his duty to furnish facts from the records, without concern for their legal effect. Upon the facts furnished the purchaser must make his own examination and determine for himself on their sufficiency. The abstractor collects the evidence from the records, and notes the same on the abstract, and if he makes a mistake or oversight or omission, resulting in damage, he must respond to the injured party. Dickle v. Abstract Co., 89 Tenn. 433, 14 S. W. 896; Young v. Lohr, 118 Iowa, 624, 92 N. W. 684; Abstract Co. v. Longacre, 56 Neb. 469, 76 N. W. 1073; Western Loan Co. v. Silver Bow Abstract Co., 31 Mont. 448, 78 Pac. 774; Pinney v. Russel Co., 52 Minn. 443, 54 N. W. 484; 1 Am. & Eng. Ency. of Pl. & Pr. 204; 1 Cyc. 214.

In Pinney v. Russel Co., supra, the Supreme Court of

Minnesota held that the judgment docketed against J. W. Humphrey was a lien against the land of John W. Humphrey sufficient to put subsequent purchasers on notice. In Green v. Meyers, 98 Mo. App. 438, 72 S. W. 128, it is held that a judgment abstracted against E. G. Seibert is sufficient to put a reasonable person on inquiry, and is sufficient notice of the full Christian name, Elleanor G. Seibert. In Valentine v. Britton, 127 N. C. 57, 37 S. E. 74, it is held that a judgment against Josiah M. is sufficient, if docketed and indexed against "J. M." or "Jo M." Freeman on Judgments (section 347, vol. 2), states the rule as follows: "We assume that if the name entered on the docket is that by which defendant is commonly known, it is sufficient. Hence a docketing against A. Jones will charge 'the lands of Abel Jones." In Burns v. Ross, 215 Pa. 293, 64 Atl. 526, 7 L. R. A. (N. S.) 415, and in Crouse v. Murphy, 1140 Pa. 335, 21 Atl. 358, 12 L. R. A. 58, it is held that if a judgment had been indexed "D. J. Murphy," it would have been noticed to the purchaser that it might be a lien against property owned by Daniel J. Murphy. Warvelle on Abstracts (page 488) states the rule that persons searching the judgment docket for liens should know the different forms in which the same name may be spelled, and make their search accordingly. In Dodd v. Williams, 3 Mo. App. 278, it was held that an examiner of titles to real estate is bound to know the state of the law on the subject of what is a lien on real estate, at least sufficient to put him on guard, and that where there may be a reasonable doubt as to whether such or such a record instrument is a lien, if he chooses to resolve the doubt, he does so at his own peril. He should note all such doubtful incumbrances on his abstract if he desires to relieve himself from liability.

It has been the universal custom and practice in this state to sue and maintain actions against defendants by the initial letters of their Christian names, and to so enter and docket the judgment, and which custom and practice the defendant Cone was bound to know as a part of his business as abstractor. To now hold that all judgments are invalid as notice, excepting only where the full Christian name of defendant is indexed or dock-

eted, would be to practically render void and ineffectual a majority of the judgments of this state. While it is not generally a part of the duty of an abstractor to go outside the record to search for facts affecting the title to real estate, still he must furnish to an intended purchaser, by means of the abstract, everything pertaining to the names and to the property in question, so far as appears from the record, that reasonably might affect such title, and thus put the purchaser on inquiry, in order that such purchaser may himself make the proper investigations as to the outside facts. In searching the records for judgments against Edward J. Borstad, the defendant Cone was charged with the knowledge and bound to know the different forms in which the name Edward J. Borstad might be used in entering judgment against him, and to make his search accordingly. He was bound to know that "Ed. J.," or even "E. J.," might reasonably be intended for Edward J. Borstad, and that they might reasonably represent the name of one and the same person, and it was therefore his duty to note on his abstract judgments appearing of record against Ed. J. or E. J. Borstad, as well as those appearing against Edward J. Borstad, so that the purchaser, Grinne, might be put upon inquiry, and investigate the facts himself as to whether a judgment against Ed. J. Borstad affected the title to the land he was about to purchase from Edward J. Borstad. Hence we conclude that the learned trial court was correct in the ruling to which the objection was made.

Appellants also contend that the evidence is insufficient to justify the findings and conclusions of the trial court; but, as we view the evidence, it is amply sufficient. From a careful examination of each error assigned we are satisfied that all are without merit.

Finding no error in the record, the judgment of the circuit court is affirmed.