J. R. JONES, JR., BANK OF SANFORD AND PAGE TRUST COMPANY v. J. A. CURRIE AND L. C. ROSSER, SHERIFF OF LEE COUNTY.

(Filed 14 October, 1925.)

**Liens—Judgments—Transcripts—Docketing—Cross Index.**

> Where the transcript of a judgment recovered in H. County is sent to L. County for docketing, the transcript must not only be docketed but must be entered on the cross-index, giving the names of all the judgment debtors and the name of at least one plaintiff. C. S., 613, 614.

APPEAL by plaintiffs from a judgment of *Devin, J.,* made at July Term, 1925, of LEE, declaring the judgment hereinafter set out a valid lien on a tract of land conveyed to Carey L. Stephens. The facts agreed are as follows:

1. That a judgment was duly rendered in the Superior Court of Hoke County, at Raeford, N. C., on the 12th day of September, 1921, in favor of J. A. Currie and against Carey L. Stephens for the sum of two hundred twenty and 50/100 dollars, with interest thereon from the 25th of April, 1920, until paid, and for the costs of this action, and duly docketed in said court.

2. That on the 15th day of September, 1921, a transcript of said judgment was made to the clerk of the Superior Court of Lee County, reading on the face thereof in words and figures, as follows: "Transcript of Judgment from the Judgment Docket of Hoke Superior Court.

Hoke County.                                        In the Superior Court.

Transcript of Judgment.

J. A. Currie, plaintiff,

v.

Carey L. Stephens, defendant.

At a Superior Court held for the County of Hoke, at the courthouse in Raeford, N. C., on the 12th day of September, 1921, before his Honor, Wm. L. Poole, clerk Superior Court, judgment was rendered in favor of J. A. Currie, the above-named plaintiff, against Carey L. Stephens, the defendant, for the sum of two hundred twenty and 50/100 dollars, with interest on two hundred twenty and 50/100 dollars from the 25th day of April, 1920, till paid, and cost of suit, $6.00.

Hoke County, ss.

I, Wm. L. Poole, clerk of the Superior Court, do hereby certify that the foregoing is a true and perfect transcript from the Judgment Docket in my office.

In testimony whereof, I have hereunto set my hand, and affixed the seal of said court at office in Raeford, N. C., the 15th day of September, 1921.                    WILLIAM L. POOLE,

(C. S. C. Seal)                    *Clerk Superior Court.*

3. That said transcript, on the outside or back thereof, read as follows:

No. 1105.                                        From Hoke County.

Transcript of Judgment.

J. A. Quick, plaintiff

v.

Carey L. Stephens, defendant.

4. That said transcript was duly received by the clerk of the Superior Court of Lee County, and entered on judgment docket No. 3, page 209, of Lee County, the docket entry reading as follows:

No. 1523.

### J. A. Quick v. Carey L. Stephens.

Transcript of judgment from Hoke County. Judgment that the plaintiff recover of the defendant the sum of $220.50, interest from 25 April, 1920, costs $6.00.

Received, filed and docketed 16 September, 1921.

5. That said judgment was entered on the cross-index of judgments of defendants on page 33 of the S's, as follows:

No. 1523.

Defendant: Carey L. Stephens; plaintiff: J. A. Quick; Book, 3; Page, 209; Year, 1921.

And entered on cross-index of plaintiffs of the Q's as follows:

No. 1523.

Plaintiff: J. A. Quick; defendant: Carey L. Stephens; Book, 3; Page, 209; Year, 1921.

6. That the said transcript was duly filed in its proper place among the judgment rolls in the clerk's office of Lee County, and has remained there since said filing.

7. That at the time said entries were made in the records of Lee County, the said judgment debtor, Carey L. Stephens, owned a tract of 125 acres of land in Lee County, fully described in paragraph 2 of the complaint in this action.

8. That more than a year after said judgment was entered in Lee County, said judgment debtor, Carey L. Stephens, conveyed said tract of land to J. R. Jones, Jr., plaintiff as trustee for his coplaintiff, Page Trust Company.

9. That on the 3rd day of November, 1922, the Page Trust Company executed and delivered to Carey L. Stephens a paper-writing reading as follows:

"To Carey L. Stephens, of Hoke County, Raeford, N. C., Page Trust Company assumes and guarantees Carey L. Stephens against any loss arising by reason of judgment of J. A. Quick or J. A. Currie against C. L. Stephens, being judgment No. 1523 in the clerk's office of Lee County. This 3 November, 1922.

PAGE TRUST COMPANY,
By E. R. Buchan, *Cashier.*"

10. That said judgment in favor of J. A. Currie or J. A. Quick and against Carey L. Stephens, as herein set out, is unpaid.

11. That thereafter the defendant in this cause, J. A. Currie, caused execution to be issued on said judgment in his own name as plaintiff, and delivered to the sheriff of Lee County to be levied upon the lands described in the complaint, demanding that said lands be sold thereunder; and plaintiff brought this action to restrain and enjoin the said defendant and said sheriff therefrom."

Judgment was rendered in favor of the defendants as above stated, from which the plaintiffs appealed.

*A. A. F. Seawell for plaintiffs.*
*D. B. Teague for defendants.*

ADAMS, J. It is provided by statute that any judgment of the Superior Court affecting the right to real property or requiring in whole or in part the payment of money shall be entered by the clerk on the judgment docket, and that it may be docketed on the judgment docket of the Superior Court of any other county upon filing with the clerk thereof a transcript of the original. Such judgment when docketed becomes a lien for a stated period upon the debtor's real property. The entry must contain the names of the parties, the relief granted, the date of the judgment, the date of the docketing; and the clerk shall keep a cross-index of the whole, with the dates and numbers thereof. C. S., 613, 614.

The object of docketing a judgment is to secure a lien, for in the absence of an execution and levy no lien is acquired until the judgment is docketed. *Bernhardt v. Brown,* 122 N. C., 587, 593. In *Lytle v. Lytle,* 94 N. C., 683, it is said: "The docketing of a judgment is not an essential condition of its efficacy, nor a precedent requisite to an enforcement by final process. This is only necessary to create and prolong the lien thus acquired, for the benefit of the creditor against subsequent liens, encumbrances and conveyances of the same property."

The necessity of complying with these statutes has been stressed on more than one occasion. "The docketing is required, in order that third persons may have notice of the existence of the judgment lien. 'The dogget, or, as it is commonly called, the docket or docquet, is an index to the judgment, invented by the courts for their own ease and the security of purchasers, to avoid the trouble and inconvenience of turning over the rolls at large. The practice of docketing judgments seems to have obtained as early as the reign of Henry VIII. . . . Purchasers are not bound to examine for judgment liens further than to look into the proper dockets.' Freeman on Judgments, sec. 343. The

observance of this law is regarded as so important to subsequent purchasers and mortgagees that, wherever the system of docketing obtains, a very strict compliance with its provisions in every respect is required." —*Chief Justice Shepherd* in *Holman v. Miller,* 103 N. C., 119. "The requirement that a cross-index shall be kept is not merely directory—it is important and necessary. It is intended to enable any person to learn that there is a docketed judgment in favor of a certain party or parties, and against certain other parties, and where to find it on the docket. The inquirer is not required to look through the whole docket to learn if there be a judgment against a particular person—he must be able to learn from such index that there is a judgment against him, and where he can find it on the docket, its nature, purpose, etc. When there are several judgment debtors in the docketed judgment, the index should and must specify the name of each one, because the index as to one would not point to all or any one of the others. The purpose is, that the index shall point to a judgment against the particular person inquired about if there be a judgment on the docket against him. A judgment not thus fully docketed does not serve the purpose of the statute, and is not docketed in contemplation of law."—*Chief Justice Merrimon* in *Dewey v. Sugg,* 109 N. C., 329. In *Hahn v. Mosely,* 119 N. C., 73, the Court, approving the position taken in *Dewey v. Sugg,* that the names of all the judgment debtors must appear in the cross-index, said: "The docketing creates a lien, and the index and cross-index are provided to facilitate the search for such encumbrances, and hence the name of each defendant must be indexed (*Redmond v. Staton,* 116 N. C., 140), but as to the plaintiffs, it is sufficient that one name appear, since that indicates the case in which the encumbrance accrued by judgment against the specified defendant, and by turning to the judgment recorded or the judgment roll in such case the full nature and extent of the judgment will appear." See, also, *Redmond v. Staton,* 116 N. C., 140; *Shackelford v. Staton,* 117 N. C., 73; *Valentine v. Britton,* 127 N. C., 57; *Wilson v. Lumber Co.,* 131 N. C., 163; *Wilkes v. Miller,* 156 N. C., 428.

In this case the requirement of the statute as interpreted in the decisions has not been observed. Not only the name of the judgment debtor (and if more than one the names of all), must appear in the cross-index, but the name of the plaintiff also. The caption of the transcript from Hoke County is "J. A. Currie v. Carey L. Stephens," and the endorsement is "J. A. Quick v. Carey L. Stephens." The title of the judgment entered upon the docket in Lee County is "J. A. Quick v. Carey L. Stephens," and the entry, "Judgment that the plaintiff recover of the defendant," etc. While the name of J. A. Currie, the

judgment creditor, appears in the caption and in the body of the transcript from Hoke, it does not appear either in the index or in the judgment as entered upon the records in Lee.

The insufficiency of the index and docketing is the only question discussed in the briefs, and upon the record presented the exception to the judgment must be sustained.

Reversed.