ELLIS C. JONES, ASSIGNEE OF CORPORATION COMMISSION OF NORTH CAROLINA, v. T. S. FRANKLIN ESTATE, JULIAN PRICE, AND JULIAN PRICE, TRUSTEE.

(Filed 26 February, 1936.)

1. **Judgments P b—Assignee of judgment acquires only rights of judgment creditor in his capacity as such.**

   Plaintiff assignee of a judgment against an executor in his representative capacity for a stock assessment made on shares of stock of a bank in liquidation, sought by subsequent proceedings to charge the executor personally with liability upon allegations that the executor personally owned the bank stock, legally or equitably. *Held:* The mere assignment of the judgment, without more, transferred only the rights of the assignor of the judgment in his status of judgment creditor and not his personal rights not incident to such status, and plaintiff was not entitled to set up the personal liability of the executor.

2. **Evidence E b—**

   The fact that an order making a person a party defendant is entered by consent is not an admission of liability of such person nor a waiver of his right to demur *ore tenus* to the complaint.

APPEAL by plaintiff from *Oglesby, J.,* at December Term, 1935, of BUNCOMBE. Affirmed.

Briefly stated, the facts are these: Upon failure of the Central Bank and Trust Company of Asheville, N. C., the North Carolina Corporation Commission, in accordance with the statutes then in force, levied a stock assessment on twenty shares of stock in said bank against T. S. Franklin Estate, of which defendant Julian Price is executor, and judgment thereon for two thousand dollars was docketed. Subsequently, on 16 November, 1931, said judgment was assigned to the plaintiff by the following words entered on the judgment docket: "For value received,

I hereby assign this judgment to Ellis C. Jones, Attorney. A. M. Burrus, Liquidating Agent, Central Bank & Trust Co."

Thereafter, 13 May, 1935, on motion of plaintiff, an order was entered by the Superior Court making defendant Julian Price, individually and as trustee, party to said cause, and subsequently plaintiff filed his complaint alleging that "the defendant Julian Price was the actual owner of said stock, hereinbefore specifically set out, legal or equitable, although the same stood on the books of the bank in the name of said defendant's codefendant, T. S. Franklin Estate," and asking that defendant Price be held chargeable with the payment of said judgment.

Defendant Price, individually and as trustee, demurred *ore tenus,* on the ground that the complaint did not state facts sufficient to constitute a cause of action.

The demurrer was sustained in the court below, and from judgment dismissing the action plaintiff appealed.

*Zeb F. Curtis and Weaver & Miller for plaintiff.*
*Smith, Wharton & Hudgins for defendant Price.*

PER CURIAM. Does the simple assignment of a judgment on the judgment docket entitle the assignee in a subsequent proceeding to bring in others, who were not parties to the original action, and subject them to liability for the payment of the judgment which had been rendered against the original debtor only? We think not.

The statute (C. S., 219-c) provides that executors and trustees shall not personally be subject to liability as stockholders for stock held by the estate.

The mere assignment of a judgment transfers to the assignee all the rights and remedies of the assignor with respect to the judgment and carries with it the right to enforce the judgment by a resort to every legal or equitable remedy available to the assignor, but unless expressly provided for, this does not confer upon the assignee the additional right thereafter to subject to liability on the judgment others who were not parties to the original action, though the assignor, the original plaintiff, might have had a cause of action against them but forebore to pursue it. Independent and personal rights of the assignor, not incident to his status as judgment creditor in the particular judgment assigned, do not pass by assignment unless expressly included therein. 2 Freeman on Judgments, 2209; *Redmond v. Staton,* 116 N. C., 140; *Timberlake v. Powell,* 99 N. C., 233; *Ward v. Haggard,* 75 Ind., 381; *Vicars v. Wampler,* 51 S. E. (Va.), 737; *Heyer v. Kaufenberg,* 53 A. L. R., 285.

The fact that the order making defendant Price a party was by consent could not be construed as an admission of liability to the plaintiff, nor as a waiver of his right to demur *ore tenus* to the complaint.

The judgment sustaining the demurrer and dismissing the action is Affirmed.