FIDELITY SECURITY COMPANY v. C. M. HIGHT ET AL.

(Filed 6 January, 1937.)

**Banks and Banking § 16—**

In this action to reform a statutory stock assessment against trustees so as to render them personally liable, defendants' demurrers *held* properly sustained on authority of *Jones v. Franklin Estate,* 209 N. C., 585,

and *held further*, such liability would have to be established prior to the effective date of ch. 99, Public Laws of 1935, relieving stockholders of double liability.

APPEAL by plaintiff from *Harris, J.*, at May-June Term, 1936, of DURHAM.

Civil action by plaintiff, as assignee of judgment for bank stock assessment, levied 3 November, 1931, against "C. H. Morrow and W. H. Smith, Trustees," to reform same so as to hold the defendants liable therefor as the real owners of said bank stock at the time of the assessment.

Demurrer *ore tenus* interposed on the ground that no cause of action is stated in the complaint. Demurrer sustained. Plaintiff appeals.

*Basil M. Watkins and Brawley & Gantt for plaintiff, appellant.*
*Hedrick & Hall for defendant Bettie Roney Dailey, appellee.*
*W. S. Lockhart for defendants C. M. Hight, J. C. Kluttz, C. E. Gerrard, J. B. Andrews, O. B. Dillehay, and Mamie Osborne, appellees.*
*A. H. Borland for defendant M. P. Harrell, appellee.*

PER CURIAM. It is not perceived wherein the present case differs in principle from the case of *Jones v. Franklin Estate,* 209 N. C., 585, 183 S. E., 732. Moreover, it is conceded that since the levy of the assessment in the instant case, 3 November, 1931, holders of bank stock have been relieved of their double liability by act of Assembly, ch. 99, Public Laws 1935. So, unless the defendants were rendered liable by the original assessment, they cannot now be made liable therefor.

Affirmed.