BANK OF CAVE CITY *v.* The ABSTRACT AND TITLE CO., d/b/a Heber Springs Abstract and Title

CA 91-424                                              828 S.W.2d 852

Court of Appeals of Arkansas
Division I
Opinion delivered April 22, 1992

*Samuel F. Beller*, for appellant.

*Barrett, Wheatley, Smith & Deacon*, by: *Ralph W. Waddell*, for appellees.

MELVIN MAYFIELD, Judge. Bank of Cave City appeals from a summary judgment of the Cleburne County Circuit Court dismissing its complaint which sought damages for an alleged omission in an abstract of real property on which appellant later took a mortgage. Appellant urges this court to hold that, as a matter of law, complaints for money damages, not yet reduced to judgment, must be included in abstracts of title. We decline to so hold and affirm.

On April 30, 1987, appellant requested that appellees update an abstract on real property. Appellees did so and returned the update to appellant's attorney. On October 22, 1987, appellant's attorney requested that appellee update the same abstract again. On October 26, 1987, appellees certified the updated abstract. This Continuation Certificate of Abstract No. 1929 provided as follows:

> WE HEREBY CERTIFY that we have carefully examined the records in the County and Circuit Clerks and Recorder of Cleburne County, from the 18th day of May, 1987, at 10:00 o'clock A.M., and the foregoing 7 sheets numbered 62 to 68, inclusive of this certificate, contain, as we believe, a correct abstract of all the conveyances or other instruments of record affecting the title to the land or lot described in the caption hereof.

A complaint filed by Farm Bureau Mutual Insurance Company of Arkansas, Inc., and Southern Farm Bureau Casualty Insurance Company against the owner of the property on December 10, 1986, did not appear in the abstract when it was updated by appellee on October 26, 1987. This complaint was reduced to judgment on November 25, 1987, and was recorded before appellant took a mortgage on the property dated November 30, 1987, and filed December 2, 1987.

In order for its mortgage to be entitled to a first lien status,

appellant paid off the judgment. Then, alleging that it had been damaged in the sum of $6,000.00 and that appellees' failure to include the complaint in the abstract constituted negligence, appellant sued appellees on September 18, 1990. Appellees denied that they were required to include the complaint in the abstract update of October 26, 1987, and affirmatively pled that appellant was guilty of contributory negligence in failing to search or request a search of the real estate records from the date of the last continuation of the abstract to the date of the closing of the loan.

Appellees and appellant agreed upon the facts and both moved for summary judgment. In making its decision, the circuit court had before it the abstract, appellees' admissions, and the affidavits of three abstracters. One abstracter stated that it was the policy of her abstract company to include all complaints requesting monetary judgments against title holders of real property in the abstract. On the other hand, two other abstracters stated in their affidavits that it was not their practice to do so unless a *lis pendens* had been filed in conjunction with the complaint.

The circuit judge, in dismissing appellant's complaint, found as a matter of law that the complaint was not a matter of record required to be included in the abstract. From this judgment, comes this appeal.

Appellant acknowledges that abstracters are divided as to the necessity for including complaints for money damages in abstracts. Nevertheless, citing *Stephenson* v. *Cone*, 24 S.D. 460, 124 N.W. 439 (1910), appellant argues that an abstracter must furnish to an intended purchaser or mortgagee, by means of the abstract, everything *pertaining to the names* and to the property in question that *might reasonably affect* the title. In *Stephenson* v. *Cone, supra,* the continuation of an abstract had omitted two judgments against the property owner. The judgments were rendered against an Ed. J. Borstad and the abstract was made on lots deeded by Edward J. Borstad. That case, therefore, does *not* hold that a complaint not reduced to judgment must be included in an abstract. The court stated:

> It has been the universal custom and practice in this state to sue and maintain actions against defendants by the

initial letters of their Christian names, and to so enter and docket the judgment, and which custom and practice the defendant Cone was bound to know as a part of his business as abstractor. To now hold that all judgments are invalid as notice, excepting only where the full Christian name of defendant is indexed or docketed, would be to practically render void and ineffectual a majority of the judgments of this state. While it is not generally a part of the duty of an abstractor to go outside the record to search for facts affecting the title to real estate, still he must furnish to an intended purchaser, by means of the abstract, everything pertaining to the names and to the property in question, so far as appears from the record, that reasonably might affect such title, and thus put the purchaser on inquiry, in order that such purchaser may himself make the proper investigations as to the outside facts. In searching the records for judgments against Edward J. Borstad, the defendant Cone was charged with the knowledge and bound to know the different forms in which the name Edward J. Borstad might be used in entering judgment against him, and to make his search accordingly.

124 N.W. at 440. Clearly, this case does not support appellant's argument.

The term "abstract of title" is defined in Ark. Code Ann. § 17-11-102(1) (1987) as "a compilation in orderly arrangement of the materials and facts of record affecting the title to a specific piece of land, issued under a certificate certifying to the matters therein contained." In 1 C.J.S. *Abstracts of Title* § 10 (1985), it is stated: "Ordinarily, an abstractor has no duty in his investigation, to go outside the records, and, in the absence of special agreement, it is not his duty to investigate and determine whether there is any lien or incumbrance on the property which is not shown upon the records." *See also* George W. Thompson, *A Practical Treatise on Abstracts and Titles* § 16 (2d ed. 1930). It is stated in 1 C.J.S. *Abstracts of Title* § 5 (1985) that an abstract should contain a statement of all conveyances, wills, "other instruments or matters of record relied on as evidence of title, and of all instruments, judicial proceedings, and other records which in any way affect the title. . . ."

The types of instruments required to be recorded in Arkansas are set forth in Ark. Code Ann. § 14-15-402(a) (1987):

It shall be the duty of each recorder to record, in the books provided for his office, all deeds, mortgages, conveyances, deeds of trust, bonds, covenants, defeasances, or other instruments of writing of or concerning any lands and tenements or goods and chattels, which shall be proved or acknowledged according to law, that are authorized to be recorded in his office.

Under Arkansas law, a complaint does not constitute a lien on land until it is reduced to judgment. Arkansas Code Annotated § 16-65-117 (Supp. 1991) states in part:

(a)(1)(A) A judgment in the Supreme Court or chancery or circuit courts or municipal courts of this state and in the United States district courts within this state shall be a lien on the real estate owned by the defendant in the county in which the judgment was rendered from the date of its rendition only if the clerk of the court which rendered the judgment maintains a permanent office within the county, at which office permanent records of the judgments of the court are continuously kept and maintained and the judgment has been filed with the circuit clerk.

(B) As to any person who does not have actual notice of the rendition of the judgment, the judgment shall be a lien from the date the judgment is recorded and indexed by the court clerk in a manner that provides reasonable notice to the public.

(2)(A) If a judgment is rendered by one (1) of the courts in a county where the clerk of the court does not maintain a permanent office at which permanent records of the judgments of the court are continuously kept and maintained, the judgment shall not be a lien on the land of the defendant in that county until a certified copy of the judgment is filed in the office of the clerk of the circuit court of that county.

(B) As to any person who does not have actual notice of the rendition of the judgment, the judgment shall be a lien from the date the judgment is recorded and indexed by the

court clerk in a manner that provides reasonable notice to the public.

■ Here, only the filing of a *lis pendens* against the property could have rendered the complaint a matter of record before it was reduced to judgment. Because the complaint, however, was merely for a money judgment and did not directly affect the title to the real estate, a *lis pendens* could not be filed. *See* Ark. Code Ann. § 16-59-101 (1987). This section applies only to actions affecting titles and liens on real estate or personal property and does not apply to actions seeking a money judgment. *Health Betterment Found.* v. *Thomas*, 225 Ark. 529, 534, 283 S.W.2d 863, 866 (1955); *Tolley* v. *Wilson*, 212 Ark. 163, 165, 205 S.W.2d 177, 178 (1947).

■ The appellant did not specifically request that appellees research anything more than instruments of record or conveyances affecting the title to the property. Appellant could have requested that such a search be made but did not do so. Since the complaint was not a matter of record under Arkansas law, it was not required to be included in the abstract. Further, we note that the complaint was not reduced to judgment until November 25, 1987, almost a month after appellees certified the continuation of the abstract, and the judgment was rendered a few days before appellant took the mortgage on the property. If appellant had requested an up-to-date continuation of the abstract before taking the mortgage, it would have been aware of the judgment. We cannot say that the circuit judge erred in holding that the complaint was not a matter of record affecting title to the property and that it was not required to be included in the continuation of the abstract.

Affirmed.

COOPER and DANIELSON, JJ., agree.