# Burns *v.* Ross, Appellant.

*Recording acts—Names—Christian names—Similarity of names—Index.*

When it is commonly known that certain first, or Christian, names are interchangeably used, and the initial and dominant letters of each are identical, indicating to the eye that they are the same, and giving the same sound and substance to each, the judgment index must be searched for each.

A purchaser from the heirs of Francis Ross is bound to look for liens indexed in the decedent's lifetime against Frank Ross.

Argued March 22, 1906. Appeal, No. 3, Jan. T., 1906, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1886, No. 313, on verdict for plaintiff in case of Frank Burns, surviving partner with Thomas Carrick, trading as Thomas Carrick and Company, *v.* Frank Ross, defendant, with notice to Harry J. Makiver, terre-tenant. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Affirmed.

Scire facias to revive judgment. Before WILTBANK, J.

The facts are stated in the opinion of the Supreme Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $6,125. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*James W. Laws*, for appellant.—The purchaser is bound to take notice of liens appearing on the judgment index, but he is not bound to look beyond it, and if his search discloses the existence of no lien entered there against his vendor, he may complete the transaction and pay over the purchase money in safety : Crouse v. Murphy, 140 Pa. 335 ; Zimmerman v. Briggans, 5 Watts, 186 ; Wood v. Reynolds, 7 W. & S. 406 ; Heil's App., 49 Pa. 453 ; Hutchinson's App.,92 Pa. 186 ; Delaney v. Becker, 14 Pa. Superior Ct. 392 ; Rusterholtz v. Brown, 10 Pa. Dist. Rep. 21 ; Work v. Darby, 13 Pa. C. C. Rep. 269.

*James Alcorn*, for appellee.—The appellee contends that the judgment against " Frank Ross " was a lien upon the property

in the name of " Francis Ross," and that Frank and Francis
are the same names, particularly in a case where the person is
known by and uses both names, and in connection with his
real estate where he is the actor uses the name " Frank " only.
The judgment was indexed in the proper name of the defend-
ant : Crouse v. Murphy, 140 Pa. 335 ; Zimmerman v. Briggans,
5 Watts, 186 ; Delaney v. Becker, 14 Pa. Superior Ct. 392 ;
Myer v. Fegaly, 39 Pa. 429 ; German B. & L. Assn. v. Grecula,
5 Lack. Jurist, 28.

OPINION BY MR. JUSTICE BROWN, May 14, 1906 :

On February 1, 1887, the firm of Thomas Carrick & Company,
of which the appellee is the surviving member, entered a judg-
ment against Frank Ross.   The note on which it was entered had
been given by Francis Ross, who signed his name to it " Frank
Ross."   At the time the judgment was entered Ross was the
owner of the property purchased by the appellant from his heirs
on March 14, 1904.   He had acquired title to it on February 21,
1868, from Thomas Hodgson, by a deed in which as the grantee
he was named "Francis Ross."   He died September 23, 1899,
on which date the judgment held by the appellee was revived.
When the appellant took title from the heirs of Francis Ross,
among whom was a son, Frank Ross, he had a search made for
liens against the property.   This search was for the liens of
judgment against the heirs entered after they had acquired title
under the intestate laws and for those which had attached in
the lifetime of Francis Ross.   From September 23, 1899, to
March 14, 1904, search was made for judgments and mortgages
given by Frank Ross, one of the sons, and for the five years prior
to the death of the father the search was only for mortgages and
judgments indexed against Francis Ross, no attention having
been paid to the name " Frank Ross."   Upon the report of the
searcher that there was but one judgment indexed against Fran-
cis Ross, the decedent, which was not a lien against the prop-
erty, and that there were no liens against Frank Ross, the son,
the appellant took the title.   In June, 1904, the firm of the ap-
pellee issued a sci. fa. to revive the judgment against Frank
Ross, with notice to the appellant as terre-tenant.   He resisted
the attempt to revive it against him as the owner of the prop-
erty, but a verdict was directed against him, upon which judg-

ment was subsequently entered. On this appeal we are asked to say that, as the judgment of Thomas Carrick & Company was indexed against Frank Ross, the appellant had no notice of it as a lien upon the property belonging to Francis Ross when he purchased it from the heirs.

It is undoubtedly true that the first or Christian name of a defendant in a judgment must appear in the judgment index for the protection of an innocent purchaser, who is not bound to look beyond it for judgment liens against his vendor; but this rule must have a reasonable construction. In Crouse v. Murphy, 140 Pa. 335, the case upon which the appellant seems to place his chief reliance, we held that, under the particular circumstances surrounding that case, a judgment given by Daniel J. Murphy, but signed by him " Daniel Murphy" and so indexed, was not a lien upon property owned and sold by him as " Daniel J. Murphy," as against a purchaser who looked for liens only against " Daniel J. Murphy." The member of the court who wrote the opinion stated that he had looked into the city directory and found the name of Daniel Murphy, with various middle letters and without any, occurring twenty times, and that to exhaust the possibilities as to D. Murphy would have required searches running into the hundreds. The purchaser was protected because he found no liens indexed " against Daniel J. Murphy, or D. J. Murphy." By this it was clearly intimated that if a judgment had been indexed " D. J. Murphy," it would have been notice to the purchaser that it might be a lien against property owned by Daniel J. Murphy.

What was reasonably required of this appellant? In answering this we disregard the contention of the appellee, that he ought to have been put on notice by the indexing of other judgments and mortgages in the name of Frank Ross given by Francis Ross, who was, according to the testimony produced by the appellee, commonly known to others than the appellant as Frank Ross. We pass only upon the simple question whether a purchaser from the heirs of Francis Ross was bound to look for liens indexed in his lifetime against Frank Ross.

In Jones's Estate, 27 Pa. 336, the court below was reversed for holding that a judgment docketed against " A. Jones" did not give the holders of it priority of lien over those holding

judgments subsequently docketed against "Abel Jones," as whose property the real estate was sold by the sheriff, and in awarding the fund to those lien creditors whose judgments had been docketed against "A. Jones," it was said by WOODWARD, J.: "A description of persons by the name by which they are commonly known, is sufficient in pleading, either criminal or civil, and as much, I presume, as the act of assembly, prescribing judgment dockets, meant to require. The use of names is to describe the individual of whom we speak, so as to distinguish him from all other persons. They are like definitions in mathematics, though less exact. Where two names, said Judge WASHINGTON, in Gordon v. Holiday, 1 Wash. C. C. R. 289, have the same original derivation, or where one is an abbreviation or corruption of the other, but both are taken promiscuously and according to common use to be the same, though differing in sound, the use of one for the other is not a material misnomer. If in common use the names be the same, the person cannot be misnamed if either be used. In Fenton v. Perkins, 3 Mo. 18, it was held that courts take judicial notice of the abbreviation of a man's Christian name, though a doubt was made about an abbreviation of the family name." Under the authority of this case a judgment indexed "F. Ross" might have been notice to a purchaser looking for liens against "Francis Ross."

The indexing of the name of the defendant in a judgment as he is commonly known is not, as a general rule, sufficient to meet the requirements of the Act of April 22, 1856, P. L. 532, relating to the indexing of judgments; but its requirements are met when the first or Christian name of a defendant is so indexed that a prospective purchaser examining the index ought to know from it of the existence of a lien against the property which he is about to purchase. When it is commonly known that certain first or Christian names are interchangeably used, and the initial and dominant letters of each are identical, indicating to the eye that they are the same and giving the same sound and substance to each, the judgment index must be searched for each. In the absence of a statutory requirement that the Christian name of a defendant in a judgment must be indexed exactly as it is written in the deed under which he holds title, any other rule would offend reason. When the appellant, as a prospective purchaser of the Ross property, was looking for liens against

Francis Ross, why should he not have looked for those indexed against Frank? The two names are the same, and are used, as is universally known, as being the same: Standard Dictionary in English, vol. 2, p. 2138; Webster's International Dictionary, p. 1902. When looking for liens against "Jacob" a searcher must know that the world knows no difference between "Jacob" and "Jake," and that a judgment indexed against "Jake" may be a lien on the property of "Jacob." As a rule "Mike" is used for the more dignified "Michael," and the bearer of the latter name as the grantee of a title to him is generally known, not only to himself, but to the community in which he lives, as plain "Mike;" and so a stronger illustration is the name "Frank" given to "Francis." It is a matter of common knowledge that seldom is one bearing the Christian name of "Francis" known by any other name than "Frank." These illustrations need be pursued no further. When the appellant was looking for the title to be free from encumbrances cast upon it by Francis Ross it was his duty to see that the owner had not encumbered it in the name of "Frank Ross."

The assignments of error are overruled, and the judgment is affirmed.