## In re MacNULTY.

### No. 7279.

District Court, M. D. Pennsylvania.
June 29, 1933.

Rodney A. Mercur and Stephen M. Smith, both of Towanda, Pa., for Citizens' Nat. Bank of Towanda, Pa.

Wm. M. Rosenfield, of Towanda, Pa., for First Nat. Bank of Towanda, Pa.

JOHNSON, District Judge.

This is a petition to review the action of the referee in disallowing priority in payment, from the fund derived from the sale of the bankrupt's real estate, to the claim of the First National Bank of Towanda, Pa., on two notes given by the bankrupt.

The facts before the referee in bankruptcy were agreed upon by counsel for the First National Bank and counsel representing the Citizens' National Bank of Towanda, Pa., assignee of the $4,000 note given by the bankrupt, later referred to in the agreed statement of facts. They are as follows:

"On the 27th day of March, 1928, W. F. Humphrey and others made conveyance of a parcel of real estate located on Second street in Towanda Borough, Bradford County, Pa., to Catherine Winifred Duggan MacNulty and the deed was duly recorded on July 24, 1929 in Bradford County, Pa., in Deed Book 372 at page 120. The deed bears the following

certificate: 'I certify that the residence of the within Grantee is Towanda, Pa. W. E. Lane, Attorney for the Grantee.' In 1930 this property was assessed to Winifred Mac-Nulty and in 1931 to D. J. MacNulty, her husband. The grantee was commonly known as Winifred Duggan MacNulty or Teddie Duggan MacNulty.

"On October 30, 1930, a judgment was entered for the First National Bank of Towanda, Pa., by W. W. Jennings, its President, against Winifred D. MacNulty to No. 224 December Term, 1930, Court of Common Pleas of Bradford County, Pa. for seven hundred sixty five dollars and another judgment to No. 225 December Term, 1930 for four hundred dollars. On March 9th 1931, a judgment was entered in the same Court to No. 151 May Term, 1931, in the sum of four thousand dollars, the plaintiff being W. E. Lane, trustee, now to the use of Charles H. Davidson, Administrator, d. b. n. c. t. a. of the estate of W. E. Lane, deceased vs. 'Winifred D. MacNulty, so-called and also known as Catherine Winifred Duggan MacNulty,' and indexed in both names.

"The said W. E. Lane, Trustee, was the same W. E. Lane, who signed the certificate of residence in the above mentioned deed to Mrs. MacNulty and the note upon which the judgment was entered in favor of W. E. Lane, Trustee, was in the handwriting of W. E. Lane except a printed portion and a signature of Winifred D. MacNulty, and was found among his possessions by his Administrator. The said W. E. Lane was the stepfather of Winifred Duggan MacNulty.

"By virtue of an amicable scire facias the judgments of the First National Bank against Winifred D. MacNulty were revived to No. 369 and 370 May Term, 1931 and judgments were entered by virtue of an amicable scire facias on May 1, 1931, against Winifred D. MacNulty and Catherine Winifred D. Mac-Nulty, she having signed the amicable scire facias in each case in both names. ·

"The note on which judgment was entered to the use of Charles H. Davidson was signed only in the name of Winifred D. MacNulty, the other name being suggested of record by præcipe of Stephen H. Smith, Counsel for Charles H. Davidson, Administrator d. b. n. c. t. a. of the Estate of W. E. Lane, deceased.

"On July 8, 1931, Catherine Winifred Duggan MacNulty was adjudicated bankrupt and the above mentioned real estate was sold at public sale for the sum of two thousand dollars and this money remains for distribution.

"At the time of the entry of all the said judgments Catherine Winifred Duggan Mac-Nulty was insolvent.

"The judgment in favor of Davidson and against Winifred D. MacNulty appears on the same page of the judgment index as the judgment in favor of the First National Bank of Towanda, Pa., and exactly one inch below those judgments, there being only two judgments against parties not concerned in this case intervening between the judgments of the First National Bank and the judgment of C. H. Davidson."

On these facts the referee concluded that the two notes held by the First National Bank were defectively entered and did not constitute valid liens on the real estate of the bankrupt as against the holder of the $4,000 note because the Christian name of the judgment debtor was not recorded and indexed in the judgment docket by the First National Bank. The $4,000 note having been entered within four months prior to the adjudication of the bankrupt, its lien was destroyed, and therefore the fund was directed to be distributed pro rata among the claimants.

With the conclusion of the referee this court is unable to agree. It has been held repeatedly in Pennsylvania that a judgment entered on the judgment docket against a debtor without setting forth the Christian name of the debtor does not create a valid lien so far as respects subsequent purchasers. The York Bank's Appeal, 36 Pa. 458; Burns v. Ross, 215 Pa. 293, 64 A. 526, 7 L. R. A. (N. S.) 415, 114 Am. St. Rep. 963. And subsequent purchasers or judgment creditors need not look beyond the judgment docket. Ridgway, Budd & Co.'s Appeal, 15 Pa. 177, 53 Am. Dec. 586.

As between the bankrupt and the First National Bank, the liens of the judgments entered by the First National Bank were valid, even though there was an omission of part of the name. The York Bank's Appeal, supra. If a subsequent judgment is entered by a creditor without notice of the previous judgment, such previous judgment will be postponed.

In the case at bar, however, there is something more than a mere failure of the First National Bank to set forth the full name of the debtor on the docket to be considered. The facts show that, while the notes given by the bankrupt to the First National Bank were signed in the name of Winifred D. MacNulty, and so entered on the docket, these same facts also show that the subsequent

note of $4,000 entered by Davidson, and now held by the Citizens' National Bank as trustee, was also signed in the name of Winifred D. MacNulty. Apparently the bankrupt was accustomed to sign her name Winifred D. MacNulty and was commonly known by that name. How then can it be said that the holder of the note signed by Winifred D. MacNulty would be misled by the entry of any prior judgment signed in the identical name? Certainly any reasonable person would have sufficient notice to examine the docket for any entries under the same name as that on the judgment which they held. It is apparent that this point was not raised at the hearing before the learned referee, otherwise, no doubt, the referee would have decided differently.

While the courts of Pennsylvania have held that the first or Christian name must appear in the judgment docket, they also have held that this rule must have reasonable construction. Burns v. Ross, supra. In Butts v. Cruttenden, 14 Pa. Super. Ct. 449, it was held that, if a subsequent incumbrancer had such knowledge of the existence of a prior judgment as made inquiry a duty, he would be affected with notice.

This court is of the opinion that Davidson, at the time of the entry of the $4,000 note, since the name on his note was identical with the name under which the previous notes were entered, had sufficient notice to require him to examine the judgment docket for any prior liens under that name, and his assignee cannot now be heard to say that he had no notice of the prior liens.

The opinion and order of the referee are overruled, the petition for review is sustained, and distribution is directed to be made in accordance with this opinion.