**J.I. CASE CREDIT, Plaintiff,**

v.

**Bill BARTON a/k/a William Franklin Barton, Jr., a/k/a W.F. Barton, Jr., a/k/a William F. Barton d/b/a Barton Farms; Floran Miller and Audrey Miller, His Wife; and Citizens Bank of Jonesboro, Defendants,**

**Citizens Bank of Jonesboro, Floran Miller, and Audrey Miller, Third Party Plaintiffs,**

**Hornor-Morris Abstract Company, Third Party Defendant.**

**No. H–C–84–123.**

United States District Court, E.D. Arkansas, E.D.

Nov. 13, 1985.

Robert E. Young, Rhine, Rhine & Young, Paragould, Ark., for plaintiff.

Bill W. Bristow, Jonesboro, Ark., for Floran and Audrey Miller.

David Solomon, Helena, Ark., for Hornor-Morris Abstract Co.

Stephen M. Reasoner, Barrett, Wheatley, Smith & Deacon, Jonesboro, Ark., for Citizens Bank of Jonesboro.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

HENRY WOODS, District Judge.

FINDINGS OF FACT

1. Plaintiff J.I. Case Credit obtained a judgment entered August 24, 1982 against Bill Barton d/b/a Bill Barton Farms in the amount of $12,946.36 with interest in the amount of 10% from April 5, 1982 to August 24, 1982, and thereafter at the federal rate plus attorney's fees in the amount of $1,294.64 (Plaintiff's Exhibit [hereinafter referred to as PX] 1). This judgment was apparently taken in the name of Bill Barton because the lease to Case and financing statement were signed "Bill Barton" (Defendant's Exhibit [hereinafter referred to as DX] 1).

2. This judgment was filed in Phillips County, Arkansas on September 13, 1982 in the office of the Circuit Clerk and Recorder and is abstracted in Judgment Record Book 9 at page 3 (PX 6).

3. Under the name of William Franklin Barton, Jr., the judgment debtor inherited the following Phillips County property by his father's will of April 7, 1978:

An undivided one-third (⅓) interest in the South Half of Section 16, South Half of the Northeast Quarter of Section 16, the West Half of the Southwest Quarter of Section 15 and the South Half of the Northwest Quarter of Section 15, all in Township 5 South, Range 1 East, in Phillips County, Arkansas. (PX 5).

A certified copy of the will was filed for record on May 5, 1982 (DX 7) after the death of Barton's father on July 2, 1980 (PX 5). Prior to the making of this will, the wife of William Franklin Barton, Sr. had died. During the pertinent period involved herein, there was no William Franklin Barton, Sr.

4. The property described in paragraph No. 3, *supra,* was sold by the judgment debtor to Floran Miller, et ux on October 13, 1983 by warranty deed signed "William F. Barton." The sale was financed in part by a loan from the Citizens Bank of Jonesboro, Arkansas and secured by a mortgage dated October 20, 1983. In this transaction all the parties including the bank were represented by attorney Curtis L. Huckaby of Lake City, Arkansas.

5. All the parties mentioned in paragraph No. 4, *supra,* personally or through their attorneys knew that J.I. Case had a judgment against Barton. They did not know that the judgment had been filed for record in Phillips County so as to constitute a lien on Barton's Phillips County property.

6. The parties mentioned in paragraph No. 4 all relied on an abstract prepared by Hornor-Morris Abstract Co of Helena, Arkansas to conclude that the Case judgment had not been filed in Phillips County. This abstract was certified from July 6, 1951 to March 4, 1983 at 9:00 A.M. The certificate recites that among others not involved herein it is for the benefit of William Franklin Barton, Jr. and the Citizens Bank of Jonesboro. It also recites that within the certified time frame there was no judgment against William Franklin Barton, Jr. The judgment in favor of Case filed September 13, 1982 was not included in the abstract because it was indexed under Bill Barton d/b/a Bill Barton Farms. The ab-

stractor did not search for judgments under the name of "Bill Barton."

7. The abstract was extended and certified to March 23, 1983 at 9:00 A.M. from March 4, 1983 for the benefit of William Franklin Barton, Jr., the Citizens Bank and others not pertinent herein. It certified that there were no judgments against William Franklin Barton, Jr. Included in this certified abstract was a satisfied judgment in favor of Frances Bailey, et al against W.F. Barton, Jr. filed March 11, 1983. (DX 7).

8. The abstract was extended to June 27, 1983 and certificated to, among others, William Franklin Barton, Jr. No judgments were shown against the latter. It was subsequently extended to October 17, 1983 for the benefit of Floran Miller, et ux among others not involved herein. No judgments were shown against William Franklin Barton, Jr. It was last extended to November 1, 1983 for the benefit of Floran Miller, et ux. There was no reference to Barton in the certification of judgments. (DX 7).

9. Relying on the above-mentioned abstract, attorney Huckaby rendered a title opinion for the benefit of Floran Miller, et ux, Barton, and the Citizens Bank in which he failed to call attention to the judgment lien of J.I. Case Credit filed in Phillips County. (DXs 4 & 5).

10. On November 2, 1983 Mr. Anthony Bartels, attorney for Case, directed the following letter to Mr. Walter Morris, President of Hornor-Morris Abstract Co.:

Please find enclosed copy of our cancelled check in the amount of $3.00 paid to the Phillips County Clerk, Patsy Nicholls for filing our Judgment in the above matter. Also enclosed is a copy of our ledger card.

If you would be so kind as to advise me why this Judgment did not show up in your abstract, we would be most appreciative.

I look forward to your advice. (DX 6).

The abstract company through Ms. Dorothy James replied as follows:

Enclosed please find judgment sheet showing judgment recorded in Judgment Docket Book 9, page 3, in Phillips, County, Arkansas, which you will please insert in the proper place in the abstract wherein we certified judgments against William Franklin Barton, Jr., among others. This judgment was inadvertently overlooked as the defendant is shown to be "Bill Barton, d/b/a Bill Barton Farms." You will notice on our judgment sheet "only the foregoing names and initials certified to and no other." However, we do try to show nicknames. You have our sincerest apologies for this oversight, and appreciate your calling it to our attention. (DX 1).

## CONCLUSIONS OF LAW

■ There are two simple issues in this case. The first is whether a judgment filed and indexed in Phillips County, Arkansas under the name "Bill Barton" operates as a lien against land devised to the judgment debtor under the name of "William Franklin Barton, Jr." Although some issue is raised by the parties as to the omission of "Jr." from the name of the judgment debtor, we do not regard such omission as significant. At all pertinent times herein, both of Barton's parents were dead. It is a common practice to drop the "Jr." from one's name in this situation.

The real question revolves around the relationship of the proper names "William" and "Bill." Is the latter a nickname for the former? It is at least a nickname, so characterized by Webster's Third New International Dictionary (1961).[1] But "Bill" for "William" is probably more than a nickname. According to H.L. Mencken, "Bill" is a diminutive of William.[2] "In the South-

ern highlands, say Dr. Josia I. Combs, diminutives are widely used and 'any highlander is lucky if he escapes with his original first name.'[3] The same might be said of most parts of the country."[4] In a sense "Bill" is a nickname. But we agree with Mencken that it is considerably more than a nickname.[5] "Bill" vis-a-vis "William" is an alternative name, a substitute or as Mencken suggests, a diminutive. This analysis is borne out by Barton's own practice. On some occasions he signed his name W.F. Barton, Jr., (DXs 11 & 12; PX 4), sometimes William F. Barton, (PX 3), and sometimes Bill Barton (Court's Exhibits 1 & 2). In *Burns v. Ross*, 215 Pa. 293, 64 Atl. 526 (1906), the court held, "the record of a judgment against one whose Christian name is 'Francis,' if indexed under the name of 'Frank,' charges a prospective purchaser from the judgment debtor's heirs with notice of the existence of the judgment." From my view of the relationship of "Bill" to "William," it follows that a judgment filed in the name of "Bill Barton" constitutes a lien on land inherited in a will under the name of William Franklin Barton, Jr.

■ The second question is whether omission of the judgment against "Bill Barton" constituted a breach of the abstractor's duty to Floran Miller et ux and the Citizens Bank. Supplement to the abstract was ordered by Mr. Huckaby who was acting as attorney for both Millers and the bank. Miller paid for the abstract by his own personal check. (DX 8). The abstractor's certificate of March 4, 1983, covering a period from July 6, 1951 to March 4, 1983 and embracing a period when the "Bill Barton" judgment was on file, specifically recited that it was for the benefit of Citizens

---

1. This characterization appears in a roundabout manner. "William" is defined as a "piece of paper money." The derivation is given as follows: [fr. bill, after Bill (nickname for William): William, given name].

2. *H.L. Mencken, The American Language,* 519 (4th ed. 1960).

3. H.L. Mencken, *supra* (quoting Language of the Southern Highlander, *Publications of the Mod-*

ern Language Association, Vol. XLVI, No. 4, p. 1313).

4. H.L. Mencken, *supra,* note 2.

5. A nickname in the true sense would be such a name as "Butch" which, according to the testimony, is a name by which many of his friends called Barton.

Bank. The same is true of the certificate of March 23, 1983. The certificate of October 17, 1983 continuing the abstract from June 27, 1983 to October 17, 1983 recited that it was for the benefit of the Millers. We are not impressed with the abstractor's argument that he owed no duty to the bank and the Millers.

While the lawyer for the latter knew that Case had a judgment against Barton, he did not know it was filed in Phillips County. He was entitled to rely on the abstract for a resolution of that question. I find that the abstractor breached its duty to both the Millers and Citizens Bank by omitting the Case judgment from the abstract. My holding in this regard is substantially bolstered by the abstractor's letter of March 7, 1983 to Anthony W. Bartels, the attorney who obtained the judgment against Barton for Case. "This judgment was inadvertently overlooked as the defendant is shown to be 'Bill Barton d/b/a Bill Barton Farms.' You will notice on our judgment sheet 'only the foregoing names and initials certified to and no other.' *However, we do try to show nicknames."* (DX 1) (emphasis added).

Omission of the middle name or initial is not dispositive. The common law did not recognize middle initials or middle names. It only recognized Christian names. "The law knows but one Christian name and the omission or insertion of the middle name or of the initial letter of that name is immaterial." *Games v. Stiles,* 39 U.S. 322, 327, 10 L.Ed. 476 (14 Pet.) (1840). The common law rule has been recognized in this state. *Fincher v. Hanegan,* 59 Ark. 151 26 S.W. 821 (1894).

Judgment will be entered declaring that the judgment of J.I. Case Credit v. Bill Barton d/b/a Bill Barton Farms constitutes a lien on the property in Phillips County, Arkansas, described herein, but the Citizens Bank of Jonesboro and Floran Miller et ux will be awarded judgment over against the Hornor-Morris Abstract Company.