Telegraph v. US Department of Justice CV-95-521-M    08/31/98

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Telegraph Publishing
     Company, Inc.,
     Plaintiff

     v.                                        Civil No. 95-521-M

United States Department
     of Justice,
     Defendant

**O R D E R**

For three years, Telegraph Publishing has doggedly pursued information, pursuant to the Freedom of Information Act ("FOIA"), related to the Department of Justice's investigation and prosecution of three members of the Nashua, New Hampshire, board of aldermen.  At this juncture, the Department renews its motion to dismiss, or in the alternative for summary judgment, and Telegraph moves for summary judgment in its favor.[1]  Telegraph also moves for in camera review of withheld materials.


**Background**

The full background of this litigation is set out in the order issued on September 30, 1997, and need not be repeated here.  The court granted the Department's previous motion for summary judgment in part, concluding that certain materials were exempt from disclosure, but denied it in part, on grounds that

---

[1]  As was explained in the court's previous order in this case, dated September 30, 1997, the Department's motion is construed as one for summary judgment since a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is not procedurally appropriate when materials beyond the pleadings are submitted in support of the motion.

other information was not exempt or was not sufficiently described to determine its status.  The Department has submitted a fourth supplemental declaration by Bonnie L. Gay, a public "Vaughn" index with other supporting materials, an in camera "Vaughn" index, and other in camera materials in support of its assertion that the remaining materials are exempt from FOIA

disclosure.[2]  Intervenors Harold Eckman and Eckman Construction

[2]  The Department frets that the September 30 order erroneously required it to produce additional detail about information included within the Department's functional categories when it had asserted a categorical 7(c) Exemption: "Despite the fact that it is well established that a Vaughn index is not required in categorical exemption cases, . . . the level of detail about the contents of the documents that was required to comply with the September 30, 1997, Order effectively requires a Vaughn-like index."  The Department cites cases from the Ninth and District of Columbia Circuits, but those cases do not mention any "well established" rule precluding detail to describe categorically exempted information.  See Minier v. Central Intelligence Agency, 88 F.3d 796, 804 (9th Cir. 1996) (no mention of categorical exemptions and following well-established rule that Vaughn index not appropriate when agency's affidavit is sufficient to support exemption or when FOIA requester has sufficient information to present legal argument); Beck v. Department of Justice, 997 F.2d 1489, 1492-94 (D.C. Cir. 1993) (noting burden on agency to justify withholding documents and affirming agency's refusal to identify whether employment records of two DEA agents included credible evidence of wrongdoing, without any discussion of categorical exemptions or Vaughn indices).  The Department seems to believe that by asserting a 7(c) categorical exemption it becomes immune from further inquiry, even in the face of insufficient detail to permit a reasoned consideration of the validity of the invoked category, or to balance the interests involved.
To the contrary, instead of a "well established" immunity rule when categorical exemptions are raised, the well established rule is that the burden remains with the agency to justify withholding requested information, and, accordingly, it is the function not the form of the agency's justification that is important.  Maynard v. Central Intelligence Agency, 986 F.2d 547, 559 n.13 (1st Cir. 1993); see also Order, September 30, 1998 at 11-13; McNamera v. U.S. Dep't of Justice, 974 F. Supp. 946, 960 (W.D. Texas 1997).  In contrast, when an exemption such as 7(A) applies to a clearly defined generic class of documents, such as witness statements, detail about each discrete witness statement is irrelevant and a Vaughn index is futile.  See, e.g., In re Dep't of Justice, 999 F.2d 1302, 1309 (8th Cir. 1993).
As Attorney Gay undoubtedly recognizes, courts will simply not accept her declarations when "written too generally to supplement the index in any meaningful way."  Church of Scientology Intern. v. U.S. Dep't of Justice, 30 F.3d 224, 231 (1st Cir. 1994) (finding declaration by Attorney Gay insufficient); accord, e.g., Greenberg v. U.S. Dep't of Treasury, --- F. Supp. 2d ---, 1998 WL 372610 *11 (D.D.C. 1998); Institute for Justice and Human Rights v. Executive Office of the U.S. Attorney, 1998 WL 164965 (N.D. Cal. 1998).  The Department's

Company object to Telegraph's motion for summary judgment.

## Discussion

Summary judgment is appropriate when properly submitted materials on file show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[3] Fed. R. Civ. P. 56(c); <u>Aronson v. U.S. Dep't of Housing and Urban Dev.</u>, 822 F.2d 182, 188 (1st Cir. 1987). As the Department bears the burden of justifying its failure to produce FOIA-requested information, it is entitled to summary judgment only if its declarations and indices:

> describe the withheld information and the justification
> for withholding with reasonable specificity,
> demonstrating a logical connection between the
> information and the claimed exemption ..., and are not
> controverted by either contrary evidence in the record
> nor by evidence of agency bad faith.

<u>Davin v. U.S. Dep't of Justice</u>, 60 F.3d 1043, 1050 (3d Cir. 1995)(quotations omitted). Telegraph may prevail on its motion for judgment ordering disclosure of information sought in its FOIA request, and currently withheld by the Department, if the undisputed record affirmatively establishes that such information is not exempt from FOIA disclosure as a matter of law. <u>See</u> Fed. R. Civ. P. 56(c). With respect to each motion, factual

---

uncooperative approach and steadfast resistance to meeting its obligations under FOIA has forced this case through three years of tedious litigation when the issues could have and should have been resolved quickly and efficiently.

[3] <u>See also</u> <u>Solar Sources, Inc. v. United States</u>, 142 F.3d 1033, 1038 (7th Cir. 1998) (discussing different standards of review in FOIA summary judgment cases in different circuits).

inferences must be resolved in the light most favorable to the nonmoving party. Reich v. John Alden Life Ins. Co., 126 F.3d 1, 6 (1ˢᵗ Cir. 1997). In lieu of complete victory for either side, due to any continued confusion about the status of particular information, further proceedings would be necessary. See, e.g., Church of Scientology, 30 F.3d at 239-40.

The fourth supplemental declaration submitted with the Department's motion for summary judgment is itself supplemented with two indices pertaining to the remaining requested information, titled "Public Vaughn Index" and "In Camera Vaughn Index." The two indices group documents into the same twenty-seven categories and use the same references to exemptions and explanations of individual documents within the categories. The in camera index includes some additional identifying information for particular documents. Importantly, for the first time, the indices describe the information included in each document, the sources of information, and the efficacy of redaction, albeit in a stylized and repetitious manner. The Department also submits a declaration by Assistant United States Attorney ("AUSA") Peter Papps, and two declarations by AUSA David A. Vicinanzo, one public and the other in camera, to corroborate the Department's description of some documents.

Intervenors Hal Eckman and Eckman Construction Company object to Telegraph's FOIA requests to the extent Telegraph is seeking private information about them. The intervenors point out that despite Hal Eckman's public acknowledgment that he was

5

connected to the Department's investigation of the Nashua aldermen and was named in court records of guilty pleas by two of the aldermen, Eckman and his company retain privacy interests in other matters and details about them that were not made public. The court agrees. See, e.g., United States Dep't of Justice v. Reporters Committee, 489 U.S. 749, 762-64 (1989); Kimberlin v. Dep't of Justice, 139 F.3d 944, 949 (D.C. Cir.), petition for cert. filed, (June 26, 1998) (NO. 98-5194).

The Department's fourth supplemental declaration uses essentially the same categories as its third supplemental declaration. Telegraph continues to challenge the Department's decision to withhold information in about fourteen of twenty-six categories. The new twenty-seventh category covers in camera information. Telegraph agrees that information in categories 17, 19, and 21 would be exempt from FOIA disclosure requirements based on new exemptions claimed by the Department, but contends that these exemptions have been waived. As no factual or legal basis for waiver has been demonstrated, the court will consider all applicable exemptions that have now been raised.

A.   **Exemptions**

The Department continues to rely primarily on Exemption 7(C) (19 U.S.C.A. § 552(b)(7)(C)) to justify withholding the remaining information identified as responsive to Telegraph's requests. Exemption 7(C), protecting personal privacy interests, was fully discussed in the September 30 order, and legal interpretation of

6

the exemption has not changed in the interim.[4]  In addition, the

public interest served by Telegraph's request does not require

extensive additional discussion.  See September 30 Order at *16-

19.  Telegraph's asserted public interest in reviewing the

Department's conduct of the investigation is relatively

insignificant absent some credible evidence of misfeasance or

wrongdoing.  Nevertheless, even a minimal public interest

requires the Department to demonstrate a privacy interest in

requested information sufficient to justify application of

Exemption 7(C).[5]

---

[4]  The Department objects to the court's reliance on Church of Scientology, 30 F.3d 224, as authority for the requirements of Exemption 7(C) in this case.  The Department notes that when a FOIA requester seeks information about himself, a "first-party" request, different privacy interests are implicated than when a requester seeks information about others, a "third-party" request, so that "first party" request cases, such as Church of Scientology, are not applicable to "third party" request cases. While it is certainly true that a "first-party" request eliminates the privacy interests of that person, see, e.g., Antonelli v. F.B.I., 721 F.2d 615, 618 (7th Cir. 1983), a "first-party" request does not necessarily lessen third parties' privacy interests in requested information.  Church of Scientology, 30 F.3d 224, involved a first-party request, the Church requesting documents about the Department's investigation of the Church, but, nevertheless, responsive documents withheld by the Department implicated privacy interests of third parties who had provided information to the Department, not unlike the third-parties implicated in many of the disputed documents in this case.  The identity of the FOIA requester, in fact, is irrelevant to the Exemption 7(C) balancing process, Reporters Committee, 489 U.S. at 771, although the nature of the requested information (mere compilations or direct evidence of wrongdoing) is critical, id. at 880.  Accordingly, the principles governing application of Exemption 7(C) as described in Church of Scientology are applicable to this case despite the different status of the respective requesters.

[5]  The Department argues that the court's attention to detail in this case is excessive, apparently forgetting that Exemption 7(C) protects only an unwarranted invasion of personal

7

The Department has addressed the possibility of redaction to permit disclosure of segregable portions of otherwise exempt information.  See Kimberlin, 139 F.3d at 949; Church of Scientology, 30 F.3d at 228.  In her fourth supplemental declaration, Attorney Gay says that exempt information is "so inextricably intertwined that it is impossible to segregate [nonexempt] information."  In particular, the declaration explains that the three defendants and Hal Eckman ("targets") and other parties could be readily identified from the context of documents even if their names were deleted.  Nearly uniformly, the Department concluded that redaction would permit release of nonprivate information because sufficient redaction to protect privacy would result in no useful information.

For the first time, the Department asserts Exemptions 3, 5, and 7(D), 5 U.S.C.A. §§ 552(b)(3), (5), (7)(D).  The new

---

privacy and that to withhold responsive information it must show that both a privacy interest exists and that nonprivate information is not segregable for release.  See, e.g., Kimberlin, 139 F.3d at 950.  In other words, failure to demonstrate a protectable privacy interest means the agency has no right to withhold information no matter how negligible the asserted public interest because in that case, "nothing" will not overcome "nothing."  Cf. Computer Professionals v. U.S. Secret Serv., 72 F.3d 897, 905 (D.C.Cir.1996) (when significant privacy interest is shown that would be affected by disclosure of names of individuals in requested documents and no public interest demonstrated in names, Exemption 7(C) applies to prevent disclosure: "something outweighs nothing every time" (quotation omitted)).

For its part, Telegraph has spent little effort developing a public interest theory to balance any privacy interest asserted in Department information.  Its asserted interest in a general review of how the Department conducted the investigation, without any evidence of misconduct, provides little support for its FOIA request.

exemptions are claimed by the Department to justify withholding information pertaining to grand jury proceedings as required by Federal Rule of Criminal Procedure 6(e), Exemption 3; information subject to privilege, attorney work product, Exemption 5; and information that would reveal a confidential source, Exemption 7(D).

1.   Exemption 3 – Grand Jury Materials

Pursuant to 5 U.S.C.A. § 552(b)(3), material that is "specifically exempted from disclosure by statute" must be withheld in response to a FOIA request.  Federal Rule of Criminal Procedure 6(e) has been construed to be a "statute" within the meaning of Exemption 3 that precludes disclosure of grand jury transcripts and "information which would reveal 'the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of the jurors, and the like.'"  Church of Scientology, 30 F.3d at 235 (quoting Fund for Constitutional Gov't v. Nat'l Archives and Records Serv., 656 F.2d 856, 867 (D.C. Cir. 1981)).  Exemption 3, however, does not protect all information that is found in grand jury files since mere exposure to a grand jury does not, by itself, "immunize" information from disclosure.  Id. at 236.  To invoke the protection of Exemption 3, the agency must show a "nexus" between disclosure of withheld information and impermissible revelation of grand jury matters.  Greenberg, 1998 WL 372610 at *12.

9

2.  Exemption 5

Exemption 5, section 552(b)(5), protects "inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency."  "To withhold a document based on this privilege, the Department must prove that it was prepared under the direction of an attorney in contemplation of litigation."  Church of Scientology, 30 F.3d at 236.  As in all cases of withholding under FOIA, the Department must be able to support the conclusion that no nonexempt portions of the document are segregable from exempt information.  Id.

3.  Exemption 7(D)

"The exemption protects the identity of a confidential source, any information that could identify such a source, and all information furnished by such a source."  Church of Scientology, 30 F.3d at 238.  A source is confidential within the meaning of the exemption "only if there has been an express assurance of confidentiality or if the particular circumstances support an inference of confidentiality."  Id.

B.  **Indexed Categories**

1.  Category 2A

The Department added a new subcategory to include thirty-two cover letters sent to the Department with materials responsive to grand jury subpoenas.  These materials were originally part of

category 2 in the third supplemental declaration, information determined to be properly exempt from disclosure in the September 30 order. The in camera Vaughn index provides minimal further identification of the people or information involved in some of the letters. As to each document, the Department asserts Exemptions 7(C) and 3, and contends that the documents cannot be effectively redacted to protect privacy.

The letters, based on the Vaughn indices' disclosures, reveal sources of information and identity of witnesses in the Department's investigation of the three aldermen and Eckman, and, the types of information sought about them — primarily credit and financial information and telephone records. The fact that those people and that information were the focus of the grand jury's inquiry is not private or secret. The substance of the information, however, such as identifying details about sources of financial information and accounts, is certainly private and not to be disclosed. While privacy interests in the letters, if names and other identifying information were properly redacted, might be greatly reduced, the resulting information would be little more than is already known from the Vaughn index, as the Department contends. In this circumstance, where the Department has finally provided a reasonably detailed explanation for withholding these materials, its decision is entitled to a presumption of good faith. See Church of Scientology, 30 F.3d at 233.

11

In addition, as the public interest in the compiled information about various individuals contained in these letters is minimal, disclosure of the letters is not required, particularly given the likelihood that affected individuals' privacy cannot be adequately protected through redaction.[6] Responsive information is not reasonably segregable and is therefore exempt pursuant to exemption 7(C); the thirty-two letters are properly withheld.

2.    Categories 4 and 5

The documents in these categories are described as notes about grand jury subpoenas and a chronology of events and statements to the grand jury made by agents working at the direction of an AUSA.  The notes reportedly contain names and refer to documents responsive to grand jury subpoenas, discuss the impact of a grand jury subpoena, and provide background for a potential grand jury subpoena.  The chronology gives an approximately three-year detailed history of the investigation including names and personal information about witnesses and the targets of the investigation.

---

[6]    Privacy interests in withheld information are at their "apex" when the information is held by the government "as a compilation" rather than as a record of misfeasance or malfeasance.  Reporters Committee, 489 U.S. at 780; cf. Summers v. Dep't of Justice, 140 F.3d 1077, 1083 (D.C. Cir. 1998) (conversely, when the information sought is a direct record of government activity which is the focus of the request, privacy interests are at their "nadir").

The court is satisfied that the information contained in these documents is sufficiently private, and not reasonably segregable from disclosable information, to be properly withheld under exemption 7(C). In addition, it is likely that the same information would be protected as attorney work product under Exemption 5.

     3. Category 7

Category 7 is divided into four subcategories of correspondence between the United States Attorney's office and attorneys representing various people associated with the investigation and prosecution. Some of the information in subcategory 7a, correspondence between AUSAs and the targets' attorneys, amounts to little more than the attorneys' names, addresses, and telephone numbers and is not private information. Nonprivate information is not properly withheld pursuant to Exemption 7(C). The targets' names are not private in this context either. The substantive information in the correspondence, however, includes plea and sentencing discussions, as well as references to other potential targets, witnesses, and confidential sources. The nonpublic substantive information is sufficiently private and sufficiently implicates the protections of Exemptions 3 or 7(D) to warrant nondisclosure. Exempt information in these documents shall be redacted to permit disclosure of nonexempt information.

13

Subcategories 7(b) and (c) list correspondence between AUSAs and attorneys representing confidential sources, cooperating witnesses, and grand jury witnesses. The court is satisfied that the identities of the parties and information in the withheld letters, as described in the indices supplemented with the in camera declaration, is sufficiently private to outweigh the public interest asserted in this case. In addition, Exemption 3 protects much of the information in letters pertaining to grand jury witnesses and Exemption 7(D) protects much of the information in letters from confidential sources or their attorneys (as further identified in the in camera submissions).

The last subcategory includes only two letters pertaining to authorizations and obligations with respect to grand jury matters pursuant to Federal Rule of Criminal Procedure 6(e) that the Department will not release. Telegraph has not objected to the Department's decision with respect to the two withheld letters or redactions of two other letters.

4. Category 9

The four documents in this category are correspondence between the United States Attorney's office and FBI pertaining to grand jury proceedings. One letter is a summary of grand jury testimony that Telegraph agrees is exempt pursuant to Exemption 3, and one letter the Department intends to release after redacting identifying information about individuals. Of the remaining two letters, one is about six grand jury witnesses and

14

the continuation of grand jury proceedings.  Its description suggests sufficient information about protected grand jury proceedings to exempt much of the letter under Exemption 3 and any relevant portions remaining are sufficiently private to warrant Exemption 7(C) protection.  The last letter discusses the Nashua Police Department's investigation and warrants protection under both Exemptions 7(C) and 5.

5.  Categories 10 and 11

The Department has provided a more detailed description of the information in these categories that were previously listed as "criminal authorization sheets re third party defendants" and "prosecution memoranda, draft indictment and cover letter from AUSA to Public Integrity Section [of the Department] re third party defendants."  The Department now describes "criminal authorization sheets" to include a brief statement by AUSA Vicinanzo about the alleged crime, his thoughts about possible charges to bring, and personal information about the targets of the investigation.  The remaining materials, Category 11, comprise the AUSA's memorandum prepared relative to authorization to pursue prosecution, a draft information or indictment, a letter to the Department's Public Integrity division requesting approval of the draft indictment and a possible plea, and a memorandum of law submitted by a target's attorney on his behalf. The Department says that the AUSA's memorandum contains, inter alia, his theories and recommendations about the prosecution,

15

detail about witnesses, testimony, and confidential sources' identities. The letter and the draft indictment both contain similar nonpublic information generated by the AUSA.

The Department withholds the information in both categories as private under Exemption 7(C), and as attorney work product under Exemption 5. It is willing to release the criminal authorization sheets in this category after redacting all information pertinent to this investigation, which apparently leaves only the government's form.

The memorandum of law submitted by an attorney on behalf of a target of the investigation "contains factual information and legal argument marshaled on behalf of client" according to the Department's index. While Telegraph is correct in pointing out that this document does not seem appropriately included with the AUSA's materials about the prosecution, it nevertheless can be understood to include private information about a target of the prosecution beyond the public fact of his being a target. The Department also says that it cannot be effectively redacted to permit release of segregable information.

Telegraph argues that the information in the sheets would "shed light on important activities and decisions" by the Department in the investigation. While that may be true, a public interest in how the Department is doing its job (absent evidence of wrongdoing by the Department in the investigation) is insubstantial when balanced against, and not enough to outweigh, the targets' privacy interests in nonpublic information about

16

charges that were contemplated, but not brought, against them. See Computer Professionals, 72 F.3d at 905. Even if identifying information about the targets were redacted, the remaining information about the targets' alleged activity and contemplated charges (some of which were not pursued) provides additional nonpublic and private information that is easily associated with the targets and is protected by Exemption 7(C). See, e.g., Kimberlin, 139 F.3d at 949. As the sheets, the AUSA's memorandum, letter, and draft information were composed in anticipation of prosecuting the targets, and reveal the AUSA's thought processes in the prosecution, Exemption 5 would also apply. Accordingly, the Department appropriately withheld the information in both categories.


        6.    Categories 14, 15, and 16

These categories include reports by the Nashua Police Department made before and after a grand jury was convened and FBI reports of interviews of witnesses. The Department previously invoked a variety of its coded privacy interests to support withholding these documents, without addressing the possibility of redaction and without explaining in any detail what information was in the documents. The indices now provide the missing detail and address redaction.

Telegraph objects, in part, that the Nashua police frustrated a New Hampshire state court order to release information under New Hampshire's right to know law by

surrendering its documents to the Department. The Department responds that it did not take these documents from the Nashua police — other documents were taken under seal. The parties seem to be talking past each other on this issue — or at least they are not making their dispute clear. There is no requirement that information in the Department's investigative files be originally generated by the Department to be exempt from FOIA disclosure if the information was compiled for law enforcement purposes and an exemption applies. See John Doe Agency v. John Doe Corp., 493 U.S. 146, 157 (1989). The indices describe the information in these categories in sufficient detail to permit the court to appreciate why it is private and not reasonably redactable to permit even partial disclosure. Despite Telegraph's objections, the court is now satisfied that these documents are properly withheld pursuant to Exemption 7(C) as containing private information.

        7.    Category 19

The Department withholds notes (mostly handwritten by AUSAs or prepared at their direction) about grand jury witnesses, preparing grand jury questions, discussing information from grand jury subpoenas, and summarizing presentations as attorney work product pursuant to Exemption 5 and under Exemption 7(C). The court agrees that the information in these materials is properly withheld.

18

8. Category 20

In the September 30, 1997, order, the court directed the Department to consider redaction of identifying information to permit releasing the remaining information in this category of AUSA's correspondence with other law enforcement agencies about the Department's investigation of the aldermen. The Department has now provided more detail about the information in the correspondence, including a document that it intends to release with redactions. With respect to the other two documents, the Department explains why the privacy interests of targets and third-party witnesses cannot be protected by redaction.

The Department also asserts that the letters are protected as attorney work product under Exemption 5. As the letters were prepared by an AUSA or at the direction of an AUSA during and pertaining to the investigation of the targets in anticipation of prosecuting those involved in suspected wrongdoing, they meet the criteria of attorney work product and are protected. No segregable portions would provide responsive information. The letters are properly withheld.


9. Category 22

The Department has described the information included in this category in greater detail as directed in the September 30 order. As more thoroughly described, this category is comprised of FBI summaries of materials, information, or other responses from particular grand jury subpoenas. It is now clear that the

information in this category is not a mere listing or chronicle of documents received, but actually describes the contents of what was received.  The amplified description is sufficient to show that the withheld information is protected by Exemption 7(C) and could not be effectively redacted to permit release.

10.  Categories 23 and 24

Attorney Gay's third supplemental declaration identified items in these categories only in camera.  The court made several rulings with respect to these categories including that some of the information was to be publicly described.  The Department has now explained that the categories include the following items: "primarily handwritten notations of the names and addresses of campaign contributors and amounts of contributions," a copy of a Telegraph newspaper article with highlighting and other notes, a request by a third party pursuant to New Hampshire Revised Statutes Annotated chapter 91 (right-to-know law) for information about a construction project, a videotape shown on television in 1991 about one of the targets, and two videotapes that are marked as grand jury exhibits.

Telegraph contends, and the Department does not dispute, that the campaign contribution lists are public documents. Therefore, the campaign lists are not private and not exempt from disclosure.  The Department shall release a redacted copy of the Telegraph article from April 6, 1994, or identify the article by page, column, and title to permit Telegraph to find the article

20

in its own archives without the work product information that is included on the Department's copy. The Department shall redact the requesting party's name, address, and telephone number from the right-to-know request to Nashua and release the remaining information. The videotape of Mr. Kuchinski that was shown on television in 1991 shall be released. Telegraph concedes that the two videotapes used as grand jury exhibits are properly withheld pursuant to Exemption 3.

11. Category 26

The information in this category is now described as an index of "the content of the evidence notebooks created by the NPD [Nashua Police Department] at the behest of the AUSA." While it would seem that private and identifying information might be redacted to permit release of information about the types of evidence gathered in the investigation, the same information is also protected as attorney work product and probably because it would reveal too much about evidence presented to the grand jury. Thus, it is properly withheld.

12. Category 27

The information in this category is identified only in camera. Without betraying privacy interests unnecessarily, it may be described as tax return information. It is private and properly withheld pursuant to Exemption 7(C).

**C.    Telegraph's Motion for In Camera Review**

The court may examine _in camera_ material responsive to a FOIA request when disclosure is disputed "to determine whether such records or any part thereof shall be withheld."  5 U.S.C.A § 552(a)(4)(B).  The court's decision to conduct an _in camera_ review is discretionary, and is used when the agency's declarations are not sufficiently detailed to resolve the question of exemption.  _Maynard_, 986 F.2d at 557.  In addition, bad faith by the agency in complying with FOIA requirements, such as actual evidence of a cover-up, may necessitate an _in camera_ review of withheld documents.  See _Armstrong v. Executive Office of the President_, 97 F.3d 575, 578 (D.C. Cir. 1996); _Jones v. F.B.I._, 41 F.3d 238, 243 (6th Cir. 1994).  In deciding whether to conduct _in camera_ review, the court also considers the burden such a review would place on judicial resources, and the strength of the public's interest in the information requested.  See _Spirko v U.S. Postal Serv._, --- F.3d --- , 1998 WL 370498 (D.C. Cir. 1998); _Jones_, 41 F.3d at 243.

Despite the court's concern that the Department has not readily provided appropriate descriptions of withheld information, and has required undue prodding, the fourth supplemental declaration, the public and _in camera_ indices, and the supporting public and _in camera_ affidavits, are sufficient, although in some cases minimally so, to allow reasoned consideration of the exemptions asserted.  Accordingly, an _in_

camera review of individual documents would impose an unnecessary burden on judicial resources in this case.

## Conclusion

The Department's motion for summary judgment (document no. 48) is granted in part and denied in part. Telegraph's motion for summary judgment (document no. 55) is granted in part and denied in part, and Telegraph's motion for in camera review (document no. 56) is denied. The Department shall promptly release the information found not to be protected by an exemption. The clerk of court shall close the case.

**SO ORDERED.**

 

_____
Steven J. McAuliffe
United States District Judge

August 31, 1998

cc:  Richard C. Gagliuso, Esq.
     Gretchen L. Witt, Esq.
     Steven M. Gordon, Esq.

23